IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOLLY LOUEN, | ) | 1:04-cv-06556-REC-SMS |
| | ) | |
| Plaintiff, | ) | **ORDER re: CITY DEFENDANT'S** |
| | ) | **MOTION TO COMPEL RESPONSES** |
| vs. | ) | **TO DISCOVERY AND PLAINTIFF** |
| | ) | **TO SUBMIT TO AN INDEPENDENT** |
| FRESNO POLICE OFFICER BRIAN TWEDT; THE CITY OF FRESNO, CALIFORNIA, | ) ) ) | **MEDICAL EXAMINATION** (Doc. Nos./Entries: 46, 51, 52, 53, 55) |
| | ) | |
| Defendants. | ) | |

City Defendant's Motion to Compel Plaintiff to Respond to Discovery and to Compel Plaintiff to Submit to an Independent Medical Examination ("IME") came on regularly for hearing on November 4, 2005 at 9:30 a.m. in Courtroom No. 4 before the Honorable Sandra M. Snyder, United States Magistrate Judge.  Kevin G. Little, Esq., appeared telephonically on behalf of plaintiff. James D. Weakley, Esq., and Catherine J. McCord, Esq., of Weakley, Ratliff, Arendt & McGuire, LLP, appeared on behalf of defendants.

City defense counsel submitted a proposed order for this Court's signature on November 18, 2005 (Doc. 51).  Plaintiff's counsel filed objections thereto regarding submission to an IME also on November 18, 2005 (Doc. 52).  City defendant filed a reply thereto on November 21, 2005 (Doc. 53).  The Court conducted

1

1 another informal telephonic discovery dispute regarding the IME on
2 November 30, 2005.
3     After considering the motion, oppositions, and arguments of
4 counsel, both on and off the record, this Court HEREBY ORDERS as
5 follows:
6     1.   City Defendant's Motion to Compel Discovery is MOOT,
7 except for the continuing obligation of the parties to update the
8 names and addresses of witnesses.
9     2.   City Defendant's Motion to Compel an IME is GRANTED, and
10 plaintiff is HEREBY ORDERED to so submit, to be conducted on
11 December 2, 2005, by:

            Harold L. Seymour, Ph.D.
            5740 N. Palm Avenue, #105
            Fresno, CA 93704
            (559) 431-1900

15 Dr. Seymour will conduct a one-on-one examination with plaintiff,
16 which will consist solely of a question-and-answer session.
17 Pursuant to plaintiff's request, the examination will be audio-
18 taped.  Thereafter, if Dr. Seymour deems any testing to be
19 necessary, he will so inform City defense counsel, who will then
20 meet-and-confer with plaintiff's counsel.  If no resolution can be
21 reached, plaintiff's counsel will be required to file a noticed
22 motion, seeking a protective order regarding any psychological
23 testing.
24 IT IS SO ORDERED.
25 **Dated:   December 22, 2005              /s/ Sandra M. Snyder**
   icido3                         UNITED STATES MAGISTRATE JUDGE

2