1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 HOLLY LOUEN,                    )        1:04-cv-06556-REC-SMS
                                   )
12              Plaintiff,         )        **ORDER re: DISCOVERY DISPUTE**
                                   )
13 vs.                             )        (Doc. Nos./Entries:
                                   )        44, 49, 54)
14 FRESNO POLICE OFFICER BRIAN     )
   TWEDT; THE CITY OF FRESNO,      )
15 CALIFORNIA,                     )
                                   )
16              Defendants.        )
   _____)

17

18      The parties, through their respective counsel, contacted this

19 Court telephonically on November 1, 2005, for resolution of a

20 discovery dispute involving the claim that defendants obtained

21 attorney-client privilege and/or work-product privilege documents

22 through discovery.  Kevin G. Little, Esq., appeared telephonically

23 on behalf of plaintiff.  Gregory L. Myers, Esq., of Myers &

24 Mayfield appeared telephonically on behalf of defendant Twedt.

25 James D. Weakley, Esq., of Weakley, Ratliff, Arendt & McGuire, LLP,

26 appeared telephonically on behalf of City defendant.

27      Plaintiff claims the disclosure of documents was inadvertent

28 rather than intentional.  Defendants claim if privileges apply to

                                   1

the documents, the privileges have been waived.  This Court ordered briefing by all parties and set the matter for further informal hearing on November 15, 2005.

Upon review of the letter briefs from all parties and oral arguments presented informally and telephonically, this Court finds that of the 1,859 pages of documents produced by plaintiff and her attorney, pursuant to City Defendant's Request for Production of Documents under Federal Rule of Civil Procedure, Rule 34, plaintiff claims attorney-client and/or work-product privilege to 12 pages, identified by Bate stamp Nos. 1038, 1064-1066, 1121, 1123-1126, 1131-1132, and 1139-1140.  The remaining 1,847 documents are non-privileged.  Plaintiff claims the privileged documents were inadvertently disclosed to defendants.  Defendants claim that if the documents were privileged, any privilege has been waived by plaintiff and her attorney by plaintiff's voluntary and/or inadvertent disclosure.

It is the ORDER of this Court that plaintiff and her attorney have WAIVED any claim of privilege.

IT IS SO ORDERED.

**Dated:    December 22, 2005             /s/ Sandra M. Snyder**
icido3                                   UNITED STATES MAGISTRATE JUDGE

2