1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY LOUEN,<br><br>                    Plaintiff,<br><br>    v.<br><br>BRIAN TWEDT, et al.,<br><br>                    Defendants. | 1:04-CV-6556-REC-SMS<br><br>ORDER GRANTING DEFENDANT CITY OF FRESNO'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING EXPERTS (Doc. 97)<br><br>ORDER GRANTING DEFENDANT CITY OF FRESNO'S MOTION TO COMPEL WITNESSES LAURA G. MAGILL AND CHARLES MAGILL TO RESPOND TO DEFENDANT'S DEPOSITION QUESTIONS (DOC. 96)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE COURT ORDER AND REQUEST FOR SANCTIONS AND ATTORNEY'S FEES (D0C. 100)<br><br>**ORDER DIRECTING PLAINTIFF TO SUBMIT TO MENTAL EXAMINATION BY DR. SEYMOUR ON JUNE 9, 2006 AT 8:00 A.M.** |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

I. Background

The motions of Defendant City of Fresno to compel production

of documents regarding expert witnesses and to compel further
deposition testimony of third-party witnesses Laura Guzman-Magill
and Timothy Magill, and the motion of Defendants City of Fresno
and Officer Brian Twedt for enforcement of Judge Robert E.
Coyle's order regarding Plaintiff's submitting to a mental
examination came on regularly for hearing on June 2, 2006, at
9:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder,
United States Magistrate Judge. Erica Camarena and Lara Moriarty
appeared on behalf of Defendant City of Fresno; Greg Myers
appeared for Defendant Twedt; and Kevin Little appeared on behalf
of Plaintiff. The Court had reviewed all the papers submitted in
support of the motions, including the moving papers,
declarations, and exhibits thereto, as well as the stipulations
pursuant to Local Rule 37-251.[1] After argument the matter was
submitted to the Court.

    II. Motion to Compel

    A party, upon reasonable notice and after certifying that
the parties have met in a good faith effort to resolve the
dispute and secure the material without court action, may apply
for an order compelling disclosure or discovery, or further
disclosure or discovery. Fed. R. Civ. P. 37(a), (d); Local Rule
37-251. An evasive or incomplete disclosure, answer or response
is treated as a failure to disclose, answer, or respond. Fed. R.
Civ. P. 37(a)(3). A stipulation regarding the discovery
disagreement must be filed except in cases involving a complete
and total failure to respond to a discovery request or order, and

---

[1] The motion to enforce court order and request for sanctions and attorney's fees was unopposed and was not the subject of a joint statement.

1   when the only relief sought by the motion is the imposition of

2   sanctions. Local Rule 37-251(e).

3       Fed. R. Civ. P. 37(d) provides:

(d) Failure of Party to Attend at Own Deposition
or Serve Answers to Interrogatories or Respond to
Request for Inspection. If a party or an officer,
director, or managing agent of a party or a person
designated under Rule 30(b)(6) or 31(a) to testify
on behalf of a party fails (1) to appear before the
officer who is to take the deposition, after being
served with a proper notice, or (2) to serve answers
or objections to interrogatories submitted under Rule 33,
after proper service of the interrogatories, or
(3) to serve a written response to a request for
inspection submitted under Rule 34, after proper
service of the request, the court in which the action
is pending on motion may make such orders in regard
to the failure as are just, and among others it may
take any action authorized under subparagraphs (A), (B),
and (C) of subdivision (b)(2) of this rule. Any motion
specifying a failure under clause (2) or (3) of this
subdivision shall include a certification that the
movant has in good faith conferred or attempted to
confer with the party failing to answer or respond
in an effort to obtain such answer or response without
court action. In lieu of any order or in addition
thereto, the court shall require the party failing
to act or the attorney advising that party or both
to pay the reasonable expenses, including attorney's
fees, caused by the failure unless the court finds
that the failure was substantially justified or that
other circumstances make an award of expenses unjust.

The failure to act described in this subdivision
may not be excused on the ground that the discovery
sought is objectionable unless the party failing to act
has a pending motion for a protective order as provided
by Rule 26(c).

22  Further, a failure to comply with a request for production of

23  documents is subject to the procedures set forth in Rule 37 with

24  respect to motions to compel. Fed. R. Civ. P. 34(b).

25      II. <u>Motion to Compel Responses to Requests for Production</u>
            <u>of Documents regarding Experts</u>

26

27      On March 21, 2006, Defendant City of Fresno served on

28  Plaintiff a request for production of documents (Request for

3

1  Production, Set Two (Re: Experts)) seeking documents relating to
2  Plaintiff's designated experts, such as e-mails and
3  communications with experts, documents created by experts, notes
4  taken by experts, materials relied on by experts, including
5  articles and research, test results, documents in the experts'
6  files, etc. Plaintiff failed expressly to respond to each subpart
7  of the request; instead, Plaintiff provided some documents that
8  responded to one of the subparts, and those documents themselves
9  referred to other documents that Plaintiff believed had already
10 been produced to Defendant. This resulted in Defendant's being
11 unsure that the documents referred to were the precise documents
12 that Defendant already had. Further, because of the form and
13 extent of the response, Plaintiff did not expressly indicate when
14 there were no documents responsive to a particular request, or
15 whether a response was partial or complete. Thus, Defendant was
16 uncertain whether or not Plaintiff had submitted all the
17 documents that existed. Indeed, Defendant had to piece the
18 requests and responses together to try to ascertain if the
19 documents adverted to had been produced.

20      The Court notes that there is no showing that Plaintiff is
21 unable to produce any of the documents requested.

22      Even if there are no documents responsive to a request for
23 production, the requesting party is entitled to a response
24 pursuant to Fed. R. Civ. P. 34(b). Fishel v. BASF Group, 175
25 F.R.D. 525, 531 (S.D.Iowa 1997). Defendant is entitled to
26 individualized, complete responses to each of the requests, as
27 numbered and identified in the requests, accompanied by
28 production of each of the documents responsive to the request,

4

regardless of whether the documents have already been produced. Thus, Defendant's motion will be granted.

Defendant seeks reasonable expenses in making the motion, including attorney's fees. However, no declaration regarding fees or expenses was submitted. Expenses and fees will not be awarded.

II. <u>Motion to Compel Further Deposition of Third-Party Attorney Witnesses</u>

Defendants seek an order compelling attorneys Laura Guzman-Magill and Charles Magill to 1) submit to further deposition and answer questions pertaining to exhibits 2, 9, 17, and 19 of Guzman-Magill's deposition transcript; 2) permit Defendants to explore further information contained in the documents produced by Plaintiff and identified by the Magistrate Judge as Bates stamped numbers 1038, 1064-66, 1121, 1123-26, 1131-32, 1139-40 because Plaintiff and her attorneys have waived any claims of privilege regarding this document; 3) or, in the alternative, an order precluding Plaintiff from producing Mr. Magill and Laura Guzman-Magill in her case-in-chief at trial.

Guzman-Magill is apparently a neighbor and friend of Plaintiff as well as an attorney for Plaintiff in a state proceeding against Defendant Twedt involving an injunction. It is undisputed that Magill and Guzman-Magill are percipient witnesses with respect to liability and damages because it was stated by Plaintiff in the initial disclosures that they had information regarding Plaintiff's encounters with Defendant Twedt and subsequent damages that Plaintiff incurred.

The basis of Defendants' motion is that Plaintiff and her attorneys have waived any claims of attorney-client privilege or

work product protection with respect to the documents pursuant to
the Magistrate Judge's ruling of December 22, 2005, in which the
Court ruled that 1) as to the twelve pages of documents claimed
to have been protected by attorney-client privilege or work
product protection, namely, Bates stamp numbers 1038, 1064-66,
1121, 1123-26, 1131-32, and 1139-40, Plaintiff and her attorney
have waived any claim of privilege by Plaintiff's voluntary
and/or inadvertent disclosure; and 2) the remaining 1,847
documents are not privileged.

        Preliminarily, the Court notes that although there has been
some delay since the taking of depositions in question, which
occurred on November 16, 2005, the delay has been justified
because of the extensive resources having to be devoted to this
case; Plaintiff does not object to the delay, and no prejudice is
claimed. Accordingly, the Court concludes that the motion was
brought within a reasonable time and was not unreasonably
delayed.

        With respect to the documents that were the subject of the
Court's earlier ruling of December 22, 2005, the attorney-client
privilege and work product protection have been waived. Plaintiff
has not formally moved for reconsideration, and the Court does
not reconsider its former determination.

        "The law of the case doctrine is a judicial invention
designed to aid in the efficient operation of court affairs."
Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715
(9th Cir.1990). Under the doctrine, a court is generally
precluded from reconsidering an issue previously decided by the
same court, or a higher court in the identical case. See id. A

6

1  trial judge's decision to apply the doctrine is thus reviewed for

2  an abuse of discretion. See Milgard Tempering, 902 F.2d at 715.

3  United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir.

4  2000). A court abuses its discretion in applying the law of the

5  case doctrine only if (1) the first decision was clearly

6  erroneous; (2) an intervening change in the law occurred; (3) the

7  evidence on remand was substantially different; (4) other changed

8  circumstances exist; or (5) a manifest injustice would otherwise

9  result. United States v. Lummi Indian Tribe, 235 F.3d at 452-53

10 (citing United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir.

11 1998)).

12     Here, the additional evidence[2] before the Court is the

13 declaration of Guzman-Magill, which was apparently submitted to

14 the state court but which has not previously been submitted to

15 this Court. Review of the totality of the circumstances, as shown

16 by all the evidence, including this declaration, demonstrates

17 voluntary disclosure; further, the evidence does not indicate

18 that counsel employed reasonable precautions to prevent

19 inadvertent disclosure or to protect any privilege upon the

20 discovery of disclosure, and there are no circumstances

21 indicating any unfairness or manifest injustice in finding a

22 waiver. Thus, the Court will not disturb its earlier ruling.

23     At argument Defendant City's counsel noted that two of the

24 documents about which Defendant seeks to question Magill and

25 Guzman-Magill were not the subject of the Court's earlier order,

26 namely, Exhibits 2 and 17 to the deposition of Guzman-Magill.

27

28        [2] The Court notes that this is not "new" evidence because it was in existence at the time of the Court's earlier ruling.

Exhibit 2 is the declaration of Guzman-Magill that was submitted to the state court; Exhibit 17 is a letter from Guzman-Magill dated March 16, 2005, addressed to a captain and lieutenant in the Fresno Police Department Internal Affairs Unit relating to an incident of March 13, 2005, which appears to have ultimately resulted in Defendant Twedt's bringing a defamation action against Guzman-Magill.

The precise circumstances of Defendants' having received possession of these documents are unclear. Exhibit 2, the declaration, has been revealed to opposing counsel in the state court action and does not appear to have otherwise been treated as confidential. Exhibit 17, the letter likewise was sent to a public agency. The Court notes that the only basis for privilege or other protection noted by Plaintiff in the joint statement is the argument that inadvertent production should not have been considered a waiver. The burden is on the party asserting the privilege to establish all the elements of the privilege. United States v. Martin, 278 F.3d 988, 999-1000 (9th Cir. 2002). A person asserting attorney-client privilege has the burden of persuasion as to all elements of the privilege, including an affirmative showing of non-waiver if the issue of waiver has been raised. United States v. Zolin, 809 F.2d 1411, 1415 (9th Cir. 1987), aff'd in part and vacated in part, 491 US. 554 (1989), overruled on other grounds, United States v. Jose, 131 F.d1325, 1329 (9th Cir. 1997 (en banc); Weil v. Investment/Indicators, Research & Management, 647 F.2d 18, 25 (9th Cir. 1981).

Here, Plaintiff has not sustained her burden of establishing that these documents are privileged or otherwise protected.

The Court rejects Plaintiff's argument that any finding of waiver should not be binding on the attorney witnesses. The principle of limited or selective waiver, whereby disclosure of a privileged communication to one entity does not preclude assertion of the privilege against another entity, is not uniformly recognized, and where recognized appears to be limited to voluntary disclosure of privileged materials to a governmental agency in a separate and nonpublic investigation. <u>See</u>, <u>In re Syncor Erisa Litigation</u>, 229 F.R.D. 636, 645 (C.D.Cal.2005). The work product protection is waived, with respect to all adversaries, by disclosure of work product to a single adversary that enables the adversary to gain access to information. <u>Id.</u> at 646 n. 8. However, <u>see</u> <u>Bittaker v. Woodford</u>, 331 F.3d 715, 720 n.5 (9th Cir. 2003) (noting the trend to find to find limited waivers, and suggesting that disclosure to the government did not necessarily constitute a waiver as to a private third party); <u>United States v. Bergonzi</u>, 403 F.3d 1048, 1050 (9th Cir. 2005) (noting that it was an open question whether a selective or partial waiver could be recognized that would allow corporate disclosure of information to an investigating governmental agency without waiving attorney-client or work product protection as to the outside world).

Here, the initial waiver determination was made with respect to the same parties in the same proceeding, and it rested on conduct by the affected attorney witnesses as well as others; the only distinction apparent with respect to the present motion is that different witnesses are being questioned about the material in question. There was no compulsion or other circumstances

1  attending the waiver that might render appropriate an application
2  of the selective waiver rule. This case should be governed by the
3  generally recognized principle that once waived, the attorney-
4  client privilege cannot be subsequently asserted. <u>Genentech, Inc.</u>
5  <u>v. United States International Trade Commission</u>, 122 F.3d 1409,
6  1416-17 (Fed. Cir. 1997).

7       Likewise, the Court rejects Plaintiff contention that the
8  Magills should not be bound by the Court's previous ruling
9  because they had no opportunity to challenge it. It does not
10 appear that the Magills made any effort to proceed pursuant to
11 Fed. R. Civ. P. 45(c)(3)(A)(iii) to quash or modify the
12 deposition subpoena.

13      Thus, the Court will grant Defendant's motion. Further
14 deposition of the Magills is appropriate with respect to matters
15 relating to liability and damages to which they were percipient
16 witnesses, and questions relating to the documents or
17 communications previously claimed to be privileged but found not
18 to be privileged. However, it is possible that some information
19 other than and in addition to the documents that have been
20 considered by the Court may remain privileged. Therefore, the
21 Court suggests that it would be efficient to take the deposition
22 within the courthouse with the Magistrate Judge available to
23 consider and rule upon claims of privilege as the deposition
24 proceeds. Further, the Court will order the deposition transcript
25 and its contents to be sealed and dissemination thereof
26 restricted.

27      The Court notes that under the federal rules, the only time
28 it is permissible to counsel a witness to refuse to answer a

deposition question is when it is necessary to preserve a
privilege, enforce a limitation directed by the Court, or to move
pursuant to Fed. R. Civ. P. 30(d)(4) with respect to an
examination being conducted in bad faith or in such manner as
unreasonably to annoy, embarrass, or oppress the deponent or the
party. Fed. R. Civ. P. 30(d)(1).

III. <u>Motion to Enforce Court Order and Request for Sanctions
and Attorney's Fees</u>

Defendants move to enforce the Court's order of April 19,
2006, in which Judge Coyle denied Plaintiff's request for a stay
of this action based on abstention, further denied Plaintiff's
motion for reconsideration of the Magistrate Judge's order
regarding sanctions with respect to Plaintiff's failure to attend
an ordered medical examination, and ordered the following:

> 1. Plaintiff is sanctioned $2,500.00 for failure
> to comply with a court order.
> 2. The sanctions are stayed until the conclusion
> of this case.
> 3. <u>As soon as is practicable, Plaintiff shall appear
> for an Independent Mental Examination with Dr. Harold
> L. Seymour.</u>
> 4. <u>The parties shall either stipulate to a date
> and time for the examination or arrange a scheduling
> conference with Magistrate Judge Snyder to do so.</u>
> 5. The examination will be audio-recorded.
> 6. No third party, including counsel, may attend the
> examination. (Emphasis added.)

(<u>Id.</u> at 16.) The Court finds that Plaintiff and her counsel have
failed to comply with the Court's order because they neither
stipulated to a date and time for the exam or cooperated in the
arrangement of a scheduling conference to schedule the exam. No
excuse appears for this failure, which was not substantially
justified.

Fed. R. Civ. P. 37(b) provides that if a party fails to obey

1  an order to provide or permit discovery, including an order made

2  pursuant to Fed. R. Civ. P. 37(a), the Court may make such orders

3  as are just, including ordering designated facts established,

4  precluding specific claims or defenses, striking out pleadings or

5  parts thereof, dismissing the action or any part thereof,

6  entering a default judgment, deeming any failure except a failure

7  to submit to a physical or mental examination to be a contempt,

8  and/or requiring the party failing to obey, or the attorney

9  advising that party, or both, to pay the reasonable expenses,

10 including attorney's fees, caused by the failure, unless the

11 Court finds that the failure was substantially justified or that

12 other circumstances make an award of expenses unjust.

13     Plaintiff's motion to enforce the Court's order and request

14 for sanctions and attorney's fees IS GRANTED in part.

15     Plaintiff will be ordered to attend a mental examination at

16 the next convenient date for Dr. Seymour, which the Court and

17 Plaintiff's counsel were informed by counsel for Defendant at the

18 hearing on this motion is June 9, 2006, at 8:00 a.m.

19     Further, Court finds that counsel for Defendant City of

20 Fresno expended $768.00 in reasonable expenses and attorney's

21 fees, and that no circumstances appear that would make an award

22 of expenses unjust. Thus, Plaintiff will be ordered to pay this

23 amount to Defendant's counsel.

24                          DISPOSITION

25     Accordingly, it IS ORDERED that

26     1) Defendant City of Fresno's motion to compel responses to

27 requests for production of documents regarding experts IS

28 GRANTED; Plaintiff SHALL RESPOND by serving responses no later

                              12

than June 30, 2006, with individualized, complete responses to each of the requests, as numbered and identified in the requests, accompanied by production of each of the documents responsive to the request, regardless of whether any of the documents has already been produced; if no document exists that is responsive to a request, then Plaintiff IS DIRECTED to state that no document exists that is responsive to the request; and

2) Defendant City's motion to compel witnesses Laura G. Magill and Charles Magill to respond to Defendant's deposition questions IS GRANTED; the deposition SHALL PROCEED upon appropriate notice, and sanctions SHALL BE imposed upon any witness who refuses to appear for continued deposition without a legally sufficient excuse or justification; Defendants MAY QUESTION the witnesses regarding the documents previously claimed to be privileged, and the communications which they embody as to which any privilege has been waived, as well as Exhibits 2 and 17 to the deposition of Laura G. Magill; further, Defendants MAY QUESTION the witnesses regarding all matters not privileged; the transcript of any such deposition IS ORDERED to be sealed, the contents thereof shall be revealed only to the attorneys, clients shall be allowed to assist in review of the contents for purposes of this case only, and any testimony derived from any continued deposition is for use in this action only and not in any other case; and

3) Defendants' motion to enforce court order and request for sanctions and attorney's fees IS GRANTED in part; Plaintiff IS DIRECTED to attend a mental examination by Dr. Seymour on June 9, 2006, at 8:00 a.m.; further, Plaintiff IS DIRECTED to pay

1  forthwith to Weakley, Ratliff, Arendt & McGuire, counsel for

2  Defendant City of Fresno, $768.00 in reasonable expenses and

3  attorney's fees caused by Plaintiff's failure to comply with the

4  Court's order; except insofar as Defendants' motion is granted,

5  Defendants' motion is denied.

6

7  IT IS SO ORDERED.

8  **Dated:    June 6, 2006**                          **/s/ Sandra M. Snyder**
   icido3                                UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28