**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HOLLY LOUEN,**<br><br>　　　　　　**Plaintiff,**<br><br>　v.<br><br>**FRESNO POLICE OFFICER BRIAN TWEDT; THE CITY OF FRESNO, CALIFORNIA**<br><br>　　　　　　**Defendants.** | CV-F-04-6556 OWW SMS<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS ACTION WITH PREJUDICE (DOC. 116)** |

### I.  INTRODUCTION

Brian Twedt and the City of Fresno (collectively "Defendants") move to dismiss Holly Louen's ("Plaintiff") complaint under Rule 41(b) based on Plaintiff's failure to comply with orders of this court.  (Doc. 116, filed June 12, 2006.) Plaintiff opposes the motion.  (Doc. 126, filed July 11, 2006.)

### II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Holly Louen contends that Defendant Brian Twedt, an officer with the Fresno Police Department, has engaged in a series of threatening and intimidating acts against her.  (See Doc. 1, Compl.)  Plaintiff seeks to recover under 42 U.S.C. § 1983 and California Civil Code § 52.1, seeks damages for

intentional infliction of emotional distress, and asks for declaratory relief regarding violations of her constitutional rights under 28 U.S.C. § 2201.  (See id.)

On November 4, 2005, at a hearing on Defendant City of Fresno's motion to compel (Doc. 27), the Magistrate Judge ordered Plaintiff to undergo a mental examination.  This order was memorialized in a written order on December 22, 2005.  Pursuant to Plaintiff's request, the Magistrate Judge permitted the proceedings to be tape recorded.  Plaintiff did not ask to have counsel present during the examination.

On December 2, 2005, the date for which the mental examination was scheduled, Plaintiff's counsel arrived with Plaintiff at least fifteen minutes after the agreed-upon starting time.  Plaintiff's counsel asked Dr. Harold L. Seymour, who was scheduled to conduct the examination, to attempt to complete it anyway.  Dr. Seymour discovered that Plaintiff's counsel intended to be present for the examination.  Dr. Seymour refused to proceed with Plaintiff's counsel present because doing so would violate standards and practices of clinical interviewing. Plaintiff's counsel refused to allow Plaintiff to undergo the examination without being present.  At the hearing on January 20, 2006, the Magistrate Judge imposed sanctions, in the amount of $2,500, for Plaintiff's failure to undergo the examination, stayed until the conclusion of this case. At the same hearing, the Magistrate Judge ordered that a full-day Independent Mental Examination ("IME") of Plaintiff was proper under Rule 35 of the Federal Rules of Civil Procedure.  Plaintiff had the right to and did challenge whether a full-day examination was reasonable for

**2**

her IME.

On a motion for reconsideration of the Magistrate Judge's order, District Judge Robert E. Coyle held that the sanction the district court ordered was proper and that she had not erred in determining that a full-day IME was appropriate. (Doc. 95, filed April 19, 2006.) As a practical matter, it is unlikely Dr. Seymour will take any more time for the IME than is necessary.

Judge Coyle held, in relevant part, as follows:

> 3.  As soon as is practicable, Plaintiff shall appear for an Independent Mental Examination with Dr. Harold L. Seymour.
>
> 4.  The parties shall either stipulate to a date and time for the examination or arrange a scheduling conference with Magistrate Judge Snyder to do so.

(Doc 95 at 16:15-19.) Thereafter, Plaintiff did not stipulate to a date for the examination nor cooperate in scheduling one.

In her order of June 6, 2006, the Magistrate Judge found that there was no excuse for Plaintiff's failure to cooperate in arranging a scheduling conference or scheduling an examination. (Doc. 107 at 11:21-27.) She sanctioned Plaintiff in the amount of $768.00 in reasonable expenses and attorney's fees. (*Id.* at 12:19-23.) She also ordered Plaintiff to attend a mental examination with Dr. Seymour on June 9, 2006, at 8:00 a.m.

On June 7, 2006, this action was reassigned to the undersigned for all further proceedings due to the senior status of Judge Coyle. (Doc. 109.)

Plaintiff did not attend the mental examination as ordered. Nor did she notify Dr. Seymour or defense counsel to advise them that she would not be attending. (Doc. 116, Seymour Decl.,

**3**

1  filed June 12, 2006, ¶ 2; Doc. 116, Camarena Decl., filed June
2  12, 2006, ¶ 1.)  On June 9, 2006, at 12:27 p.m., four hours after
3  she failed to attend the examination, Plaintiff filed a document
4  labeled "Notice of Interlocutory Appeal," indicating her
5  intention to seek appellate review of, among other things, the
6  orders that she attend a full-day mental examination.[1]  (Doc.
7  111.)  Plaintiff contends that the orders violate her
8  constitutional rights to due process, privacy, and liberty,
9  arguing that the more extensive mental examination was ordered in
10 part as a discovery sanction.  (Doc. 111 at 2:13-18.)

### III.  **STANDARD OF REVIEW**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal of an action or any claim based on plaintiff's failure to comply with any order of the court.  *See also* L.R. 11-110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

The Ninth Circuit has enumerated five factors district courts may consider in determining whether dismissal under Rule 41(b) is appropriate:  "(1) the public's interest in expeditious

---

[1] The court takes judicial notice of the time of filing cataloged on the CM/ECF electronic document filing system. *See Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1207 (C.D. Cal. 2004) (taking judicial notice of documents available on court's PACER electronic interface); *Mir v. Little Co. of Mary Hospital*, 844 F.2d 646, 649 (9th Cir. 1988).

**4**

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is a harsh penalty that should "only be imposed in *extreme circumstances*." *Id.* Accordingly, the Ninth Circuit may affirm a dismissal where four or more factors support dismissal or where at least three factors "'strongly' support dismissal." *Id.*

### IV.  LEGAL ANALYSIS

#### A. Jurisdiction of the Court Regarding the IME

Plaintiff asserts that the document he filed on June 9, 2006 (Doc. 111), initiated an appeal of a collateral order under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), and divested this court of jurisdiction over the IME. A collateral order appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

The court's order that Plaintiff undergo a mental examination is unappealable at this stage based on the general rule that orders regarding discovery are reviewable only on appeal from a final judgment. *In re Subpoena Served on Cal. Pub. Utils. Comm'n*, 813 F.2d 1473, 1476 (9th Cir. 1987) (citing *United States v. Nixon*, 418 U.S. 683, 690-91 (1974)). Discovery orders are generally inappropriate subjects for collateral review because they are not "effectively unreviewable on appeal from a final judgment." *Cullen v. Margiotta*, 811 F.2d 698, 709 (2d Cir.

1987) (quoting *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424 (1985)). Under exceptional circumstances, discovery orders can be subject to mandamus review. *See Las Vegas v. Foley*, 747 F.2d 1294, 1297 (9th Cir. 1984).

In *Cullen*, the plaintiffs sought interlocutory appeal of the district court's refusal to allow plaintiff class members to proceed with their claims anonymously. 811 F.2d at 709. The court of appeals held that the district court's disclosure order was not effectively unreviewable on appeal. *Id.* at 710. Plaintiff class members were free to refuse to disclose their identities, then appeal from the final judgment after they are denied damages. *Id.*

Here, Plaintiff can choose to refuse to undergo the mental examination, suffer the consequences, and then to appeal any sanctions after the court enters final judgment. While disobeying an order of the court and risking adverse judgment may prove costly, such a requirement ensures that "the order is in fact of great importance to the aggrieved party." 15A Charles Alan Wright et al., *Federal Practice and Procedure* 400 (2d Ed. 1992).

Because Plaintiff is not entitled as of right to a collateral order appeal under *Cohen*, it appears that Plaintiff is actually petitioning for mandamus relief under the All Writs Act, 28 U.S.C. § 1651.[2] Mandamus review is appropriate for certain

---

[2] In full, 28 U.S.C. § 1651 provides as follows:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of

**6**

interlocutory orders that are not otherwise appealable. *See Credit Suisse v. United States Dist. Court*, 130 F.3d 1342, 1345-46 (9th Cir. 1997) (holding that mandamus review was appropriate where appeal of a final decision under 28 U.S.C. § 1291 and permissive appeal under 28 U.S.C. § 1292(b) were not available). Because mandamus petitions are only granted in exceptional circumstances, "the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending." *Woodson v. Surgitek*, 57 F.3d 1406, 1416 (5th Cir. 1995); *see Ellis v. United States Dist. Court (In re Ellis)*, 360 F.3d 1022, 1023 (9th Cir. 2004) ("Indeed, in the context of an extraordinary writ such as mandamus, there is no need for us to relinquish our jurisdiction to the district court because it was never deprived of jurisdiction over the underlying case." (citing *Woodson*, 57 F.3d at 1416)). In its discretion, either the district court or the court of appeals may grant a stay while a petition for mandamus relief is pending. *Woodson*, 57 F.3d at 1416. Such a stay is inappropriate in this case where the relief sought appears to be hopeless and is being pursued solely to delay these proceedings. Accordingly, Plaintiff's filing of her "Notice of

---

        their respective jurisdictions and agreeable
        to the usages and principles of law.

        (b) An alternative writ or rule nisi may be
        issued by a justice or judge of a court which
        has jurisdiction.

Interlocutory Appeal" has not divested the court of jurisdiction over the IME.

### B. <u>Disobedience of Court Orders</u>

Plaintiff argues that her conduct does not present a basis for any sanctions whatsoever. Plaintiff presents a series of arguments to mitigate or excuse the conduct on which the court's prior sanctions have been based. For instance, Plaintiff argues once again that she did not violate the court's order that she attend the mental examination on December 2, 2005. (Doc. 126 at 4:3-13.) Judge Coyle's order of April 19, 2006, has already conclusively resolved that issue. (*See* Doc. 95.) Plaintiff also attempts to excuse her failure to cooperate in arranging a scheduling conference or scheduling an examination following the April 19 order. (Doc. 126 at 4:13-23.) The Magistrate Judge found that Plaintiff's conduct was inexcusable. (*See* Doc. 107.)

Plaintiff also attempts to excuse her failure to attend the mental examination on June 9, 2006. Plaintiff argues that her counsel had already indicated at the hearing of June 2, 2006, that she was going to seek an interlocutory appeal of the June 9 order. (Doc. 126 at 4:22-5:3.) Plaintiff also attempts to excuse her failure to attend the IME by pointing out that, on June 9, she submitted a notice of interlocutory appeal, which was filed a few hours *after* she failed to attend the court-ordered mental examination. (*Id.* at 5:2-6.) Finally, Plaintiff's counsel argues that Plaintiff had no knowledge of the court's order requiring her to attend the mental examination on June 9

**8**

because counsel had not informed her of that order until July 6, 2006. (*Id.* at 5:5-5:9.)

Plaintiff's oral statement at the June 2 hearing, that she intended to file an interlocutory appeal, does not excuse her failure to comply with the court's order. Nor did Plaintiff's filing of a notice of appeal after the time set to attend her IME passed excuse her failure. The rule is well established that a party cannot ignore a court order and seek relief after the court-ordered deadline. Counsel cannot ignore court orders and negate the opposing party's right to bring a matter to trial.

### C.  **Dismissal Factors**

The first two Rule 41(b) factors weigh in favor of dismissal. The public's interest in expeditiously resolving litigation and the court's ability to manage its docket have both been jeopardized by the Plaintiff's intentional failures to undergo the mental examination as ordered. It has been over eight months since the court first ordered the examination. Defendants claim that they have been attempting to obtain this discovery, which will likely prove crucial to litigating Plaintiff's claims of emotional and psychological damages, for 13 months. (Doc. 130, filed July 17, 2006, at 3:16-19.) The failure to complete the mental examination on December 2, 2005, and to follow the court's order on April 19, 2006, have unjustifiably delayed the litigation.

The failure to attend the IME on June 9, 2006, without timely seeking a stay of the order is reckless and irresponsible. Plaintiff could have timely filed her notice of appeal and sought

9

a stay. She did not notify Defendants and Dr. Seymour of her intent not to appear.

Plaintiff also asks the court to look to her "discovery conduct as a whole," which she argues has been "far from dilatory." (Doc. 126 at 3:19-21.) That Plaintiff has not acted contumaciously in complying with other discovery requests does not mitigate the extensive delay her failures to attend the mental examination have caused.

Plaintiff's disobedience of the two prior court orders has substantially delayed these proceedings to the detriment of the court and Defendants. *See Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1331-32 (9th Cir. 1981) (affirming dismissal as a sanction where plaintiff's "[d]isregard of the discovery process deprived the defendant of needed information, increased its litigation expenses and forestalled its preparation for trial"). She has taken the law into her own hands.

The third factor concerning prejudice to the defendant weighs in favor of dismissal. Defendants' interests in an expeditious trial and in minimizing their litigation expenses have been harmed by Plaintiff's misconduct. The time to complete expert discovery expired on March 3, 2006, and other deadlines previously set for pretrial statements, the pretrial conference, and the trial date are now impossible to meet. Defendants have been required to file numerous motions to enforce the court's discovery orders and to recoup expenses incurred because of Plaintiff's disobedience.

The fourth factor, the public policy in favor of disposing cases on their merits, always weighs against dismissal. This

**10**

policy "is particularly important in civil rights cases." *Hernandez*, 138 F.3d at 399. This factor weighs against dismissal.

The fifth factor requires the court to consider the availability of less drastic sanctions. In deciding whether a district court has properly considered less drastic sanctions, the Ninth Circuit determines whether the court "(1) explicitly discussed the alternative of lesser sanctions and explained why it would be inappropriate; (2) implemented lesser sanctions before ordering the case dismissed; and (3) warned the offending party of the possibility of dismissal." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004).

The court has already issued monetary sanctions against Plaintiff on two separate occasions for failing to obey the order requiring her to undergo a mental examination. Nevertheless, Plaintiff has continued to disobey the court. That the reason for Plaintiff's latest disobedience was her desire to appeal does not change the fact that she has twice refused to comply with explicit orders. At a minimum, each failure to comply after the order of April 19, 2006, demonstrates the ineffectiveness of money sanctions. The only alternative to dismissal that Plaintiff has suggested is to order no sanctions whatsoever, which does not adequately punish Plaintiff or ensure compliance with future orders. The Magistrate Judge's June 6, 2006, order explicitly warned Plaintiff that her failure to comply with the new discovery order could result in dismissal of the action. (Doc. 107 at 11:27-12:12.)

Plaintiff argues in disregard of indisputable law that

**11**

dismissal is inappropriate because she is not, herself, responsible for the failures to comply with the orders.[3] As the Supreme Court has ruled:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.

*Link v. Wabash R.R. Co.* (*Link*), 370 U.S. 626, 633-34 (1962). Nevertheless, some courts have expressed reluctance to penalize a party for its attorney's conduct. *See, e.g.*, *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1095 (6th Cir. 1994). The Ninth Circuit has recognized that sanctions on a party based on counsel's conduct are permissible. *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988) (citing Link, 370 U.S. at 633-34); *see also Chism*, 637 F.2d at 1332 (declining, citing *Link*, to consider whether sanction fell too harshly on the party for attorney's misconduct).

It appears that Plaintiff's failures to comply with the court's orders are attributable to her counsel. The examination of December 2, 2005, did not go forward, even though Plaintiff was present, because Plaintiff's counsel insisted on attending.

---

[3] Plaintiff also argues that a dismissal with prejudice under Rule 41(b) is unjust because it would have a res judicata effect on her civil harassment proceedings in Fresno County Superior Court. It appears that this concern could be cured by dismissing the action without prejudice under Rule 37(b). *See O'Neill v. AGWI Lines*, 74 F.3d 93, 95 (5th Cir. 1996) (dismissing action without prejudice based on failure to comply with discovery orders).

Plaintiff's counsel further admits that he did not communicate the court's order of April 19, 2006, to Plaintiff until after the hearing regarding sanctions on June 2, 2006.  Finally, Plaintiff's counsel did not inform Plaintiff that the court had ordered her to attend an examination on June 6, 2006, until one month after the examination date.

Because Plaintiff's counsel is to blame for her failures to comply with the orders, the sanction of dismissal in this case falls too heavily on Plaintiff.  Moreover, the court is hopeful that this litigation can now proceed to its conclusion in an expedient fashion.  Plaintiff and her counsel are advised, however, that the court will not tolerate any further failure to comply with the orders of this court.  Any such failure will result in dismissal of the action.

Defendants have incurred attorney fees in the amount of $980.00 preparing this motion.  (Doc. 116, Camarena Decl. ¶ 4.) Dr. Seymour incurred $200.00 of costs in reserving his calendar of June 9, 2006, for the IME that Plaintiff failed to attend. (Doc. 116, Seymour Decl. ¶ 4.)  Accordingly, Plaintiff's counsel is sanctioned in the amount of $1,180.00 for causing Plaintiff to fail to attend the IME on June 9, 2006.  Counsel shall pay this sum from his personal funds and shall not seek contribution from Plaintiff.  *See FDIC v. Conner*, 20 F.3d 1376, 1382 (5th Cir. 1994) (requiring attorney to pay monetary sanction where he was responsible for the party's failure to comply with a discovery order).

Plaintiff is also directed to pay within 20 days the other sanctions that have been ordered in this case:  the $768.00

**13**

awarded in the order of June 6, 2006 and the $2,500.00 ordered on February 23, 2006. As the court finds that Plaintiff's counsel is responsible for incurring these sanctions, he shall pay these sums solely from his personal funds. *See FDIC*, 20 F.3d at 1382.

## V. CONCLUSION

For the reasons set forth above:

1. Defendants' motion to dismiss is **DENIED**;
2. Plaintiff's counsel is assessed sanctions in the amount of $1,180.00 for causing Plaintiff to fail to attend the IME on June 9, 2006;
3. Within 20 days of the issuance of this order, Plaintiff's counsel is directed to pay Defendants $4,448.00, representing all sanctions ordered against him in this action to date;
4. Plaintiff is directed to attend a full-day IME with Dr. Seymour on August 23, 2006, or on August 25, 2006;
5. Within 48 hours of the issuance of this order, Plaintiff shall notify Defendants and Dr. Seymour as to which of those days she will attend the IME;
6. The IME will be audio-recorded;
7. No third party, including counsel, may attend the IME;
8. Plaintiff's counsel shall cause a copy of this order to be delivered to Plaintiff Holly Louen within seven (7) days of the issuance of this order; and
9. ANY FURTHER FAILURE OF PLAINTIFF OR PLAINTIFF'S COUNSEL TO COMPLY WITH AN ORDER OF THIS COURT WILL RESULT IN DISMISSAL OF THE ACTION.

**SO ORDERED.**

**Dated: August 10, 2006**               /s/ OLIVER W. WANGER

_____
**Oliver W. Wanger**
**UNITED STATES DISTRICT JUDGE**

**15**