1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8               FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   HOLLY LOUEN,                    )        1:04-cv-06556-REC-SMS
                                     )
11                   Plaintiff,      )
                                     )
12   vs.                             )        **ORDER CLARIFYING COURT'S**
                                     )        **ORDER OF NOVEMBER 14, 2006**
13   FRESNO POLICE OFFICER BRIAN     )        (Doc. 164)
     TWEDT; THE CITY OF FRESNO,      )
14   CALIFORNIA,                     )
                                     )
15                   Defendants.     )
     ────────────────────────────── )
16

17        This Court received a copy of plaintiff's notice of motion and

18   motion for reconsideration or clarification of the November 14,

19   2006, order re: motion to compel personnel records of defendant

20   Brian Twedt (Doc. 167).  Relying on Eastern District Local Rule

21   78-230(k), plaintiff seeks the Honorable Oliver W. Wanger's

22   reconsideration and/or clarification of this Court's ruling.  In

23   the interest of judicial economy and efficiency, it appears prudent

24   that the undersigned clarify, and correct, her own order.

25   Thereafter, it should be obvious that no hearing need be held

26   before Judge Wanger as noticed for December 18, 2006.

27        This Court has reread the entire transcript of the March 3,

28   2006, hearing and makes the following clarifications, mindful of

                                      1

1   the content of the transcript itself as well as several informal

2   in-chambers as well as telephonic conferences with all counsel

3   regarding the issues at hand.

4       The Court agrees with plaintiff that the Order Re: Scope

5   (Doc. 164) is incomplete or otherwise vague given the argument and

6   the Court's intended rulings of March 3, 2006.  It is paragraph 1.,

7   appearing on page 3, lines 10-14, that is at issue in plaintiff's

8   motion for reconsideration/clarification.  That is the only matter

9   that needs to be addressed and for which no further judicial time

10  need be expended.

11      As set forth in her motion for reconsideration/ clarification,

12  " [P]laintiff made clear during the March 3 hearing, <u>see</u> Doc. No.

13  135, pp. 9-15, she sought to compel discovery of Officer Twedt's

14  personnel and internal affairs files primarily to support her

15  <u>Monell</u> claims against the City of Fresno, rather than Officer

16  Twedt's individual liability."

17      Argued by plaintiff's counsel Kevin Little, at page 15, lines

18  18-22, "The only liability aspect of this case when it gets to

19  trial is going to be whether or not the city is also liable, and

20  that issue is based very much on how the city failed consistently

21  to intervene and supervise and monitor and check and not terminate

22  this very, very dangerous man."

23      While the Court did say that she would rethink her intended

24  ruling in light of the oral argument presented, and perhaps broaden

25  the scope of the discovery required to be presented for *in camera*

26  review, she did <u>not</u> say, as plaintiff's counsel sets forth in the

27  herein pleadings at page 2, lines 26-28 that "...she anticipated

28  receiving and reviewing all internal affairs complaints pertaining

2

to Officer Twedt, whether he was the main focus of the
investigation or not."  Quite to the contrary, what the Court said
was, "But if he is a tangential officer and it has nothing to do
whatsoever with anything directly related to his services - - well,
I've already been through that.  You get my point."  That comment
was a reference to what the Court said earlier in the March 3,
2006, hearing, page 5, lines 15-22, "There's no way this Court is
going to pour through, for example, a lengthy IA investigation
regarding an officer-involved shooting wherein Officer Twedt was
simply on the scene or was the first responding officer or even
wrote a report about something that was tangential to the actual
shooting.  I can't imagine how it would be discoverable, or
certainly, relevant to this action."

Therefore, it is hereby **ORDERED** that the City of Fresno
present for *in camera* review Officer Twedt's complete personnel
file, any and all IA files that relate to any investigation and/or
findings and conclusions regarding plaintiff herein, Holly Louen,
or any such investigations regarding plaintiff's husband, Mr.
Louen, or any such investigations regarding plaintiff's mother,
Diane Meikle, or any such investigations regarding plaintiff's
personal friend and attorney at law, Laura Guzman-McGill.

Further, it is hereby **ORDERED** that the City of Fresno present
for *in camera* review any and all IA investigations involving
defendant Officer Twedt wherein the allegations of unlawful acts
and/or unprofessional conduct directly against Officer Twedt
include violating department policy with respect to reckless use of
his automobile, taking or stealing property during a probation
search without authorization, making off-color and/or inappropriate

3

comments in front of or to his colleagues in the workplace for
which he was reprimanded, retaliatory actions against fellow
officers, and any and all investigations conducted regarding
Officer Twedt's alleged dishonesty, temper, excessive force, or
falsification of reports, if any, regardless of whether the
investigations are internal due to complaints from within the
Fresno City Police Department or made from citizens.

Documentation relating to this Order shall be produced
directly to the chambers of Magistrate Judge Sandra M. Snyder on or
before December 8, 2006 by 4:00 p.m., to be coordinated with either
Courtroom Deputy Harriet Herman at (559) 499-5692 -OR- Judicial
Assistant Frances Robles at (559) 499-5690.  All other orders set
forth in the Order Re: Scope remain in full force and effect.

IT IS SO ORDERED.

**Dated:   November 21, 2006**          _____**/s/ Sandra M. Snyder**_____
icido3                                  UNITED STATES MAGISTRATE JUDGE

4