IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOLLY LOUEN, | ) | 1:04-cv-06556-OWW-SMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER RE: COURT'S *IN CAMERA*** |
| | ) | **REVIEW OF RECORDS/DOCUMENTS** |
| FRESNO POLICE OFFICER BRIAN | ) | **ORDERED PRODUCED** |
| TWEDT; THE CITY OF FRESNO, | ) | (Doc. 164) |
| CALIFORNIA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to the Court's Order of November 14, 2006, the following documents were received and reviewed *in camera.* Production is ORDERED as follows:

A.   Copies of Clovis Police reports 02-8699 and 04-4314:

It is presumed all parties have copies of these reports. If not, copies should be produced immediately to all parties by whomever supplied them to the Court;

B.   Copies of Plaintiff's Petition For Injunction Prohibiting Civil Harassment pursuant to CCP §527.6 action, the transcript of the June 30, 2004, proceedings before Judge Putnam, and the Restraining Order issued in the state court proceeding:

1

1    It is presumed all parties have copies of these

2 documents.  If not, copies are ordered produced immediately to all

3 parties by counsel for Plaintiff;

4    C.   A copy of the Complaint for Damages filed in Fresno

5 County Superior Court on June 23, 2005, on behalf of plaintiffs

6 Brian and Vicki Twedt against defendants Laura M. Guzman-Magill and

7 Mike Louen:

8    Presumably all parties have copies.

9    D.   A copy of Defendant/Fresno Police Officer Brian's Twedt's

10 personnel file containing documents predating his hire with Fresno

11 Police Department to his most recent Annual Evaluation for 03-31-05

12 to 03-31-06:

13    The majority of the several hundreds of pages of entries

14 include rudimentary personal data regarding Defendant's law

15 enforcement candidacy, his college background, data about his

16 marriage, etc., none of which is determined to be relevant to the

17 issues of this lawsuit and are therefore not discoverable.

18    There are literally dozens and dozens of letters of

19 commendation and appreciation received by and/or about Defendant

20 over his years of law enforcement service.  Should Plaintiff want

21 copies of all of these letters, Defendant shall produce them upon

22 request.  Note: They are all highly complimentary of Defendant, his

23 skills, demeanor and professionalism in the line of duty, and most

24 of them are from random citizens of the community.

25    Defendant's personnel file contains yearly evaluations of

26 his overall performance.  For each yearly evaluation the Defendant

27 received "Meets Standard, Exceeds Standard, or Outstanding" ratings

28 for all criteria.  The Court found no "Unacceptable and/or Needs

2

Improvement" ratings.  For the evaluation year 04-01-02 to 03-31-03 mention is made of counseling Officer Twedt in letter form regarding responding to a call for aid from his frightened wife. "He was reminded to disqualify himself from situations involving family members."  Thereafter in the report it was stated, "Twedt had no disciplinary history for this rating period."  <u>Note</u>:  This entry appears to relate to Internal Investigation 2002-0180, discussed below.

Internal Investigation 2004-0109 contains literally hundreds of pages of documents relating to the ongoing neighborhood dispute between Plaintiff and Defendants.  It is difficult for this Court to determine the precise or even approximate commencement date of the dispute that is the subject of the lawsuit herein. However, as dates relate to the Annual Evaluations contained in Defendant's personnel file, the Court notes two entries that are confusing:

1.    For Evaluation Period 03-31-04 to 03-31-05, there is one sentence stating, "Twedt received no citizen complaints or inquiries during this rating period."  Clearly the FPD was aware of the conflict between Defendant and Plaintiff during this time period, but whether there was actually any *new* complaints or inquiries made during this period OR whether the City was engaged in internal investigation of the matters that are the subject of the herein lawsuit between those particular dates is difficult for the Court to determine.  For example, the Court was provided with Internal Investigations 2005-0052 regarding an alleged incident that occurred on March 13, 2005, between interested person Laura Guzman-Magill and Defendant.  A review of that IA file reveals that

this alleged incident of 3/13/05 is very much related to the
ongoing and underlying dispute between Plaintiff and Defendants of
which the FPD and Defendant City of Fresno were aware.  See below
re: IA 2005-0052.

     2.   For Evaluation Period 03-31-05 to 03-31-06, there is
also one sentence stating, "Twedt received no citizen complaints or
inquiries during this rating period."  In fact, that does not
appear to be true as evidenced by Internal Investigation 2005-0074
concerning an alleged confrontation between Defendant while on duty
and Nancy Schultz's receipt of two "jaywalking" citations from
Defendant on April 18, 2005.  Again, it appears to the Court that
this particular incident also relates directly to the ongoing
dispute between Defendant and Plaintiff herein.  See below re: IA
2005-0074.

     Finally, the Court makes note of a couple of disciplinary
matters that date back to the Evaluation Period 04/01/98 to -
3/31/99.  One has to do with vehicle property damage, slight, and
another with an alleged theft during a search and thereafter not
being honest with superiors about it.  Defendant Twedt was
disciplined and nonetheless described as a very good officer who
"accepted constructive criticism and has not spoken negative about
the department, but has handled whatever assignment given to him."
This Court finds that neither of these matters are relevant to the
action at hand and, as such, does not order the discovery of any
documents or information about these two matters.  So, too, an
incident dating back to 11-21-95 wherein the Defendant was
reprimanded for failing to initiate a pursuit properly.  That is
not relevant nor discoverable.

1      E.   Copies of Internal Affairs Investigations 2001-0033,

2 2002-0180, 2004-0109, 2005-0052, and 2005-0074:

3      1.   2001-0033 - A complaint about the alleged use of

4 excessive force during pursuit and arrest of an attempted murder

5 suspect.  The matter is wholly irrelevant to the underlying action

6 and is not discoverable.

7      2.   2002-0180 - Referenced above, the matter does relate

8 to the parties and facts being litigated in the herein action.

9 Defendant City is hereby ORDERED to produce the contents of the

10 file, including the investigation notes, <u>except for</u> the ultimate

11 findings and conclusions of the Internal Affairs Officers.[1] [The

12 discipline imposed was discussed above, referencing a letter of

13 counseling.]

14      3.   2004-0109 - This is the IA file regarding the

15 lawsuit that is the subject of this order.  The Court assumes it

16 has already been copied and produced to Plaintiff and other

17 parties.  If not, the Court now ORDERS it produced in its entirety

18 <u>except for</u> the ultimate findings and conclusions of the Internal

19 Affairs Officers.  As it is obvious to the Court that Plaintiff

20 has, or must have due to the bulk of it having to do with the state

21 court action, most of the contents of this file, Defendant City may

22 certainly meet and confer with Plaintiff's counsel herein to

23 determine what portions of this file to produce.  [The findings and

24 conclusions re: the allegations of abuse of authority and

25 professionalism was "Unsustained."]

26

27      [1] See <u>Sanchez v. City of Santa Ana,</u> 936 F2d 1027, 1033 (9th Cir. 1990); <u>Franklin Savings Ass'n v.</u>

28 <u>Ryan,</u> 922 F2d 209, 211 (4th Cir. 1991).

1    4.   2005-0052 - This matter, too, relates to the parties

2  and facts being litigated in the herein action.  Defendant City is

3  hereby ORDERED to produce the contents of this file, including the

4  investigation notes, except for the ultimate findings and

5  conclusions of the Internal Affairs Officers.  [The findings and

6  conclusions re: allegations of failure to obey the law with regard

7  to violating a court ordered restraining order was determined to be

8  "Unfounded."]

9    5.   2005-0074 - As the complainant Fresno County Public

10  Defender Nancy Schultz made it clear during the issuance of the

11  jaywalking citation against her by Defendant Twedt that she knew

12  about ongoing litigation between Twedt and the Louens, the Court

13  ORDERS the content of this file produced to Plaintiff, including

14  all investigation notes, except for the findings and conclusions of

15  the Internal Affairs Officers.  [The findings and conclusions re:

16  the allegation to report a complaint to a supervisor was determined

17  to be Unfounded."  The allegation of Defendant exhibiting

18  unprofessional conduct by voicing his personal opinion to a citizen

19  while writing a citation was deemed to be "Sustained."  And, the

20  allegation of failure to use good judgment by failing to properly

21  identify his immediate supervisor when asked to do so by Ms.

22  Schultz to whom Officer Twedt was issuing a citation was determined

23  to be "Sustained."  The Defendant received a Letter of Reprimand

24  which was placed in his personnel file.]

25  ////

26  ///

27  //

28  /

1

**CONCLUSION**

2        As the Court is unaware of what documents are already in

3  Plaintiff's counsel's possession, counsel are hereby ORDERED to

4  meet and confer regarding this Order to determine what will be

5  produced and what need not be produced.  Any and all production

6  pursuant to this Order shall be completed by **January 8, 2007.**

7

8  IT IS SO ORDERED.

9  **Dated:    December 21, 2006            /s/ Sandra M. Snyder       **
   icido3                           UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7