IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOLLY LOUEN, | ) | No. CV-F-04-6556 OWW/SMS |
| | ) | |
| | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART PLAINTIFF'S |
| Plaintiff, | ) | MOTION FOR RECONSIDERATION |
| | ) | AND CORRECTION OF ORDER |
| vs. | ) | DENYING MOTION TO DISMISS |
| | ) | ACTION WITH PREJUDICE (Doc. |
| | ) | 149) AND DENYING DEFENDANTS' |
| FRESNO CITY POLICE OFFICER | ) | MOTION TO DISMISS WITHOUT |
| BRIAN TWEDT, et al., | ) | PREJUDICE (Doc. 158) |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Holly Louen seeks reconsideration of the "Order
Denying Defendants' Motion to Dismiss Action with Prejudice"
filed on August 10, 2006 (hereinafter the August 10 Order).
Subsequent to the filing of Plaintiff's motion for
reconsideration of the August 10 Order, Defendants filed a second
motion to dismiss the action pursuant to Rule 41(b), Federal
Rules of Civil Procedure, because of Plaintiff's continued
failure to comply with the court orders discussed herein,
contending that Plaintiff's failure to obtain a stay of the

1

1  August 10 Order before filing the motion for reconsideration

2  negated any argument excusing Plaintiff's compliance with the

3  August 10 Order.

4      **B.   <u>Plaintiff's Motion for Reconsideration</u>**.

5          **1.   <u>Background</u>**.

6      Plaintiff alleges that Defendant Brian Twedt, an officer

7  with the Fresno Police Department, engaged in a series of

8  threatening and intimidating acts against her.  Plaintiff alleges

9  claims for relief pursuant to 42 U.S.C. § 1983 and California

10 Civil Code § 52.1, for intentional infliction of emotional

11 distress, and for declaratory judgment regarding violations of

12 her constitutional rights under 28 U.S.C. § 2201.

13     On November 4, 2005, at a hearing on Defendant City of

14 Fresno's motion to compel (Doc. 27), the Magistrate Judge orally

15 ordered Plaintiff to undergo a mental examination.  The oral

16 order was memorialized in a written order filed on December 22,

17 2005.  (Doc. 57).  Although Plaintiff's request that the mental

18 examination be tape-recorded was granted, Plaintiff did not

19 request that her counsel, Kevin Little, be present during the

20 mental examination.

21     On December 2, 2005, the date for which the mental

22 examination was scheduled to be conducted by Dr. Harold L.

23 Seymour, Mr. Little arrived with Plaintiff at least 15 minutes

24 after the agreed-upon starting time.  Mr. Little asked Dr.

25 Seymour to attempt to complete the examination anyway.  Dr.

26 Seymour discovered that Mr. Little intended to be present for the

examination.  Dr. Seymour refused to proceed with Mr. Little present because doing so would violate standards and practices of clinical interviewing.  Mr. Little refused to allow Plaintiff to undergo the mental examination without his being present.

The City moved the Magistrate Judge for sanctions because of Plaintiff's failure to comply with the December 2, 2005 Order. (Doc. 56).  At the hearing on this motion on January 20, 2006, the Magistrate Judge orally imposed sanctions in the amount of $2,500 because of Plaintiff's failure to undergo the mental examination, but stayed payment of the monetary sanction until the conclusion of this action at which time the Magistrate Judge would determine if the monetary sanction would be enforced.  The Magistrate Judge also orally ordered that a full-day Independent Mental Examination (IME) was proper under Rule 35, Federal Rules of Civil Procedure, that the IME could be tape-recorded, but that Mr. Little's presence at the IME was not permitted.  (Doc. 66).

Plaintiff moved for reconsideration by District Court Judge Robert E. Coyle of the Magistrate Judge's January 20, 2006 orders, contending that the imposition of monetary sanctions was contrary to law because the Magistrate Judge had not issued an order prohibiting Mr. Little from attending the mental examination and contending that the scope of the mental examination was not before the Magistrate Judge, making the order that Plaintiff undergo an IME a discovery sanction that exceeded her powers under Rule 37 and constituted a denial of due process. Judge Coyle denied the motion for reconsideration by Order filed

on April 19, 2006.  (Doc. 95).  Judge Coyle ruled that the sanction ordered by the Magistrate Judge was proper and that she had not erred in determining that a full-day IME was appropriate. Judge Coyle ordered in pertinent part:

> 3.  As soon as is practicable, Plaintiff shall appear for an Independent Mental Examination with Dr. Harold L. Seymour.
>
> 4.  The parties shall either stipulate to a date and time for the examination or arrange a scheduling conference with Magistrate Judge Snyder to do so.

Plaintiff did not stipulate to a date for the IME or cooperate in scheduling one.

The City moved the Magistrate Judge for an order enforcing Judge Coyle's April 19, 2006 Order and for sanctions because of Plaintiff's failure to comply. (Doc. 100).  By Order filed on June 6, 2006, (Doc. 107), the Magistrate Judge ordered that Plaintiff attend a mental examination by Dr. Seymour on June 9, 2006 at 8:00 a.m. and that Plaintiff pay forthwith to counsel for the City $768.00 in reasonable expenses and attorneys' fees caused by Plaintiff's failure to comply with Judge Coyle's April 19, 2006 Order.

On June 7, 2006, this action was reassigned to the undersigned for all further proceedings because of the senior status of Judge Coyle.

Plaintiff did not attend the mental examination as ordered by the Magistrate Judge.  Nor did Plaintiff notify Dr. Seymour or the City's counsel that she would not be attending.  (Doc. 116,

1  Seymour Decl., filed June 12, 2006, ¶ 2; Doc. 116, Camerena

2  Decl., filed June 12, 2006, ¶ 1).  At 12:27 p.m. on June 9, 2006,

3  four hours after she failed to attend the mental examination,

4  Plaintiff filed a document captioned "Notice of Interlocutory

5  Appeal", (Doc. 111), giving notice that she intended to file an

6  appeal with the Ninth Circuit, appealing *inter alia*, Judge

7  Coyle's April 19, 2006 Order and the Magistrate Judge's June 6,

8  2006 Order requiring Plaintiff to submit to a mental examination,

9  because Plaintiff's rights to due process, privacy and liberty

10 will be compromised if Plaintiff is required to submit to a more

11 extensive mental examination that was ordered "at least in part

12 as a discovery sanction".

13      By motion filed on June 12, 2006 (Doc. 116), Defendants

14 moved to dismiss the action pursuant to Rule 41(b), Federal Rules

15 of Civil Procedure, based on Plaintiff's failure to comply with

16 court orders and for additional sanctions for the costs incurred

17 by Dr. Seymour in reserving his calendar for June 6, 2006, for

18 the IME and for attorneys' fees incurring in preparing the motion

19 to dismiss.

20      By Order filed on August 10, 2006, (Doc. 137), Defendants'

21 motion to dismiss the action was denied but other monetary

22 sanctions were imposed.  The August 10, 2006 Order rejected

23 Plaintiff's arguments that her conduct did not present a basis

24 for any sanctions whatsoever:

25           Plaintiff presents a series of arguments to
           mitigate or excuse the conduct on which the
26           court's prior sanctions have been based.  For

5

instance, Plaintiff argues once again that she did not violate the court's order that she attend the mental examination of December 2, 2005. (Doc. 126 at 4:3-13). Judge Coyle's order of April 19, 2006, has already conclusively resolved that issue. (*See* Doc. 95.) Plaintiff also attempts to excuse her failure to cooperate in arranging a scheduling conference or scheduling an examination following the April 19 order. (Doc. 126 at 4:13-23.) The Magistrate Judge found that Plaintiff's conduct was inexcusable. (*See* Doc. 107.)

Plaintiff also attempts to excuse her failure to attend the mental examination on June 9, 2006. Plaintiff argues that her counsel had already indicated at the hearing of June 2, 2006, that she was going to seek an interlocutory appeal of the June 9 order. (Doc. 126 at 4:22-5:3.) Plaintiff also attempts to excuse her failure to attend the IME by pointing out that, on June 9, she submitted a notice of interlocutory appeal, which was filed a few hours *after* she failed to attend the court-ordered mental examination. (*Id.* at 5:2-6.) Finally, Plaintiff's counsel argues that Plaintiff had no knowledge of the court's order requiring her to attend the mental examination on June 9 because counsel had not informed her of that order until July 6, 2006. (*Id.* at 5:5-5:9.)

Plaintiff's oral statement at the June 2 hearing, that she intended to file an interlocutory appeal, does not excuse her failure to comply with the court's order. Nor did Plaintiff's filing of a notice of appeal after the time set for her to attend her IME passed excuse her failure. The rule in well established that a party cannot ignore a court order and seek relief after the court-ordered deadline. Counsel cannot ignore court orders and negate the opposing party's right to bring the matter to trial.

Nonetheless, after examining the relevant factors for dismissal under Rule 41(b), the August 10, 2006 Order ruled:

6

It appears that Plaintiff's failures to comply with the court orders are attributable to her counsel.  The examination of December 2, 2005, did not go forward, even though Plaintiff was present, because Plaintiff's counsel insisted on attending.  Plaintiff's counsel further admits that he did not communicate the court's order of April 19, 2006, to Plaintiff until after the hearing regarding sanctions on June 2, 2006. Finally, Plaintiff's counsel did not inform Plaintiff that the court had ordered her to attend an examination on June 6, 2006, until one month after the examination date.

Because Plaintiff's counsel is to blame for her failures to comply with the orders, the sanction of dismissal in this case falls too heavily on Plaintiff.  Moreover, the court is hopeful that this litigation can now proceed to its conclusion in an expedient fashion. Plaintiff and her counsel are advised, however, that the court will not tolerate any further failures to comply with the orders of this court.  Any such failure will result in dismissal of this action.

Defendants have incurred attorney fees in the amount of $980.00 preparing this motion. (Doc. 116, Camerena Decl. ¶ 4.)  Dr. Seymour incurred $200.00 of costs in reserving his calendar of June 9, 2006, for the IME that Plaintiff failed to attend.  (Doc. 116, Seymour Decl. ¶ 4.)  Accordingly, Plaintiff's counsel is sanctioned in the amount of $1,180.00 for causing Plaintiff to fail to attend the IME on June 9, 2006.  Counsel shall pay this sum from his personal funds and shall not seek contribution from Plaintiff.  *See FDIC v. Conner*, 20 F.3d 1376, 1382 (5th Cir.1994)(requiring attorney to pay monetary sanction where he was responsible for the party's failure to comply with a discovery order).

Plaintiff is also directed to pay within 20 days the other sanctions that have been ordered in this case: the $768.00 awarded in the order of June 6, 2006 and the $2,500.00 ordered on February 23, 2006.  As the court finds that Plaintiff's counsel is responsible

7

for incurring these sanctions, he shall pay
these sums solely from his personal funds.
*See FDIC*, 20 F.3d at 1382.

...

For the reasons set forth above:

1.  Defendants' motion to dismiss is **DENIED**;

2.  Plaintiff's counsel is assessed sanctions
in the amount of $1,180.00 for causing
Plaintiff to fail to attend the IME on June
9, 2006;

3.  Within 20 days of the issuance of this
order, Plaintiff's counsel is directed to pay
Defendants $4,448.00, representing all
sanctions ordered against him in this action
to date;

4.  Plaintiff is directed to attend a full-
day IME with Dr. Seymour on August 23, 2006,
or on August 25, 2006;

5.  Within 48 hours of the issuance of this
order, Plaintiff shall notify Defendants and
Dr. Seymour as to which of those days she
will attend the IME;

6.  The IME will be audio-recorded;

7.  No third party, including counsel, may
attend the IME;

8.  Plaintiff's counsel shall cause a copy of
this order to be delivered to Plaintiff Holly
Louen within seven (7) days of the issuance
of this order; and

9.  ANY FURTHER FAILURE OF PLAINTIFF OR
PLAINTIFF'S COUNSEL TO COMPLY WITH AN ORDER
OF THIS COURT WILL RESULT IN DISMISSAL OF THE
ACTION.

On August 29, 2006, Plaintiff moved for reconsideration of

the August 10 Order.  (Doc. 149)

**2.  <u>Standard of Review</u>**.

8

1    Because the August 10 Order is an interlocutory order, *see*

2  *Stanley v. Woodford*, 449 F.3d 1060 (9th Cir.2006), discretion

3  exists to reconsider.  *Kern-Tulare Water Dist. v. City of*

4  *Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), *aff'd in part*

5  *and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.1987),

6  *cert. denied*, 486 U.S. 1015 (1988).  "[T]his Court's opinions are

7  not intended as mere first drafts, subject to revision and

8  reconsideration at a litigant's pleasure."  *Quaker Alloy Casting*

9  *Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).

10 "Courts have distilled various grounds for reconsideration of

11 prior rulings into three major grounds for justifying

12 reconsideration: (1) an intervening change in controlling law;

13 (2) the availability of new evidence or an expanded factual

14 record; and (3) need to correct a clear error or to prevent

15 manifest injustice."  *Kern-Tulare Water Dist., id.*.  Pursuant to

16 Rule 78-230(k)(3), Local Rules of Practice, the party seeking

17 reconsideration has the duty to indicate "what new or different

18 facts or circumstances are claimed to exist which did not exist

19 or were not shown upon such prior motion, or what other grounds

20 exist for the motion,' and "why facts or circumstances were not

21 shown at the time of the prior motion."

22        **3.  Legal Analysis**.

23              **a.  Magistrate Judge's Initial Examination Order**.

24    Plaintiff seeks correction of the August 10 Order to the

25 extent that it stated:

26        On November 4, 2005, at a hearing on

9

1     Defendant City of Fresno's motion to compel
      (Doc. 27), the Magistrate Judge ordered
2     Plaintiff to undergo a mental examination.
      This order was memorialized in a written
3     order on December 22, 2005.

4 Order 2:4-7.

5  Plaintiff points to portions of the transcript of the

6 November 4, 2005 hearing that indicate the Magistrate Judge did

7 not at that time order a particular examination, but rather

8 merely decided that " medical exam is warranted." (Doc. 134,

9 Transcript of Proceedings, November 4, 2005, at 13:5-7.)

10 Plaintiff contends that it was only at the teleconference of

11 November 30, 2005, that the Magistrate Judge addressed the

12 specific mental examination that Defendant sought.

13  Plaintiff does not contend that the Magistrate Judge did not

14 order a mental examination at the November 30, 2005

15 teleconference.  In Plaintiff's motion for reconsideration of the

16 Magistrate Judge's sanctions order (Doc. 69), Plaintiff focused

17 her objection to the requirement of such an order, contending

18 that the Magistrate Judge's order did not direct that her counsel

19 not be present at such an exam.  (Doc. 69, at 1:26-2:1) (arguing

20 that "it was undisputed by the Court and the parties that there

21 was no order prohibiting counsel from attending the plaintiff's

22 December 2, 2005 mental exam").)  Plaintiff did state that "there

23 was no indication prior to January 20, 2006 that the Court would

24 entertain expanding the scope of plaintiff's **previously ordered**

25 **mental exam**, since that issue was not properly before it."  (Doc.

26 69, at 5:2-4) (emphasis added).)  In a letter copied to the

Magistrate Judge on November 30, 2005, Mr. Little states that Plaintiff "is available for the limited mental examination **ordered today** by Judge Snyder ...."[1]  In any event, it does not matter whether the Magistrate Judge's order was issued at the November 4, 2005 hearing, as the August 10 Order indicated, or later during the November 30, 2005 teleconference.  It is undisputed that the Magistrate Judge had ordered a mental examination for December 2, 2005.

Plaintiff also takes issue with the conclusion in the August 10, 2006 Order that the Magistrate Judge's December 22, 2005 Order "memorialized" prior proceedings. *See* August 10, 2006 Order 2:6-7.  Plaintiff claims that this characterization is particularly momentous because the December 22, 2005 Order indicates the examination was to be "one-on-one", even though the Court had not explicitly ordered that Plaintiff's counsel not attend.  As Judge Coyle's Order of April 10, 2006 made clear, the Magistrate Judge's sanctions were not upheld on the basis of the "one-on-one" language of the December 22, 2005 Order.  (Doc. 95)  Rather, Judge Coyle determined that the Magistrate Judge properly concluded that Plaintiff's failure to ask the Court's permission for her counsel to attend meant that refusing to proceed with the examination on that basis violated the order.  (Doc. 95, at 8:26-9:16.)  Thus, it is of no consequence whether the December 22, 2005 Order can properly be said to have "memorialized" any

_____

[1]Mr. Little's November 30, 2005 letter was filed in this action on January 9, 2006 as Doc. 61.

1  earlier order.

2  **b.  Magistrate Judge's January 20, 2006 Order**.

3  Plaintiff directly attempts to reargue the extent to which

4  Rule 35, Federal Rules of Civil Procedure, authorizes a party to

5  have counsel present during a mental examination.

6  Plaintiff does not point to anything new before this Court

7  that merits reconsideration of Judge Coyle's acceptance of the

8  Magistrate Judge's finding made at the hearing on January 20,

9  2006, that Plaintiff's counsel should have known that he had a

10  responsibility to inform the court of his intent to attend,

11  regardless of whether attendance was permissible under Rule 35.

12  In her application for reconsideration of the August 10, 2006

13  Order, Plaintiff simply cites more authority in favor of a

14  position that the Court has already twice rejected.

15  Plaintiff also takes issue with the Court's description of

16  the events of December 2, 2005.  Plaintiff points to the

17  following language of the August 10, 2006 Order:

18          Dr. Seymour refused to proceed with
        Plaintiff's counsel present because doing so
19          would violate standards and practices of
        clinical interviewing.  Plaintiff's counsel
20          refused to allow Plaintiff to undergo the
        examination without being present.
21
22  August 10, 2006 Order at 2:17-21.  Plaintiff argues that this

23  language is incorrect in light of Mr. Little's November 30, 2005

24  letter to Defendant's counsel.

25  Mr. Little's November 30, 2005 letter does not compel

26  reconsideration of the August 10, 2006 Order.  Mr. Little, as

12

author of the letter, was familiar with its contents and could

have raised this argument at any earlier stage in opposition to

the sanctions.  In fact, this letter was already before the Court

at the time the August 10, 2006 Order was filed.  Dr. Seymour's

letter recounting the events of December 2, 2005 has been part of

the record since December 20, 2005.  (Doc. 56-3, at 34-35.)  It

includes his opinion that counsel's presence at a mental exam

"clearly violates standards of practice in clinical

interviewing."  (Doc. 56-3, at 34.)  Even if the Court were to

reconsider the ruling in light of Mr. Little's November 30, 2005

letter, there is no reason to question Dr. Seymour's opinion

about clinical interviewing practice.[2]  Nor does the November 30,

2005 letter, by indicating that Mr. Little attempted to contact

Defendant's counsel, mitigate his refusal to allow the mental

examination to go forward.  As the Magistrate Judge concluded,

any discussion of Mr. Little's attendance should have occurred

prior to the examination date so as not to prevent the

examination from going forward.

    Mr. Little also reiterates his arguments, previously made to

the Magistrate Judge and to Judge Coyle, that it has been his

practice to attend Rule 35 examinations.  Reconsideration of the

August 10, 2006 Order is not the appropriate vehicle for

---

    [2]Plaintiff's reference to the purported silence of "Chapter 7 of the American Psychological Association's Ethical Principles", made for the first time in this motion,  does not justify Mr. Little's insistence that he attend Plaintiff's mental examination or compel reconsideration of the August 10, 2006 Order.

13

attacking the conclusions of the Magistrate Judge and Judge Coyle that Plaintiff's failure to attend the December 2, 2005 examination violated a court order.

At the hearing, Mr. Little cited cases supporting his contention that counsel may attend an IME. This belated citation of authority does not justify reconsideration of the rulings by Magistrate Judge Snyder and Judge Coyle. Furthermore, it does not excuse Mr. Little's repeated failures to comply with court orders.

Plaintiff contends that the August 10, 2006 Order erroneously concludes that the transcript of the hearing of January 20, 2006 shows that the Magistrate Judge ordered the expanded IME as a discovery sanction. The transcript of the January 20, 2006 hearing has been available to the parties since March 3, 2006. In fact, Plaintiff thoroughly argued this position before Judge Coyle. (See Doc. 95, at 9:18-11:26.) Plaintiff provides no reason for reconsideration of the August 10, 2006 Order based on this previously rejected argument. The IME was for up to one day, it does not require the doctor to spend more time than is needed.

Plaintiff also takes issue with language in the August 10, 2006 Order that, after the April 19, 2006 Order, "Plaintiff did not stipulate to a date for the examination nor cooperate in scheduling one." Order 3:14-15. Plaintiff contends that this could not be the case because the City of Fresno did not attempt to have Magistrate Judge Snyder set a date for a mental

14

examination.  The Magistrate Judge has already found that
sanctions were appropriate on the basis "that Plaintiff and her
counsel have failed to comply with the Court's order because they
neither stipulated to a date and time for the exam or cooperated
in the arrangement of a scheduling conference to schedule the
exam [and that n]o excuse appears for this failure, which was not
substantially justified."  (Doc. 107, filed June 6, 2006, at
11:21-27.)  A motion for reconsideration of the August 10, 2006
Order is not an appropriate vehicle to belatedly challenge the
Magistrate Judge's June 6, 2006 Order.  Furthermore,
reconsideration of the June 6, 2006 Order, based on argument
previously available to Plaintiff, is inappropriate.

     Plaintiff again argues, as she did in opposition to the
City's motion to dismiss (See Doc. 126, at 4:22-5:3), that she
informed Defendants at the hearing on June 2, 2006 she would not
be attending the mental examination scheduled for June 9, 2006.
The August 10, 2006 Order rejected Plaintiff's contention, ruling
that a notice of appeal filed after the time set to attend the
IME did not excuse her failure to attend the examination.
Furthermore, the transcript of the June 2, 2006 hearing before
the Magistrate Judge, not previously filed in this action, does
not substantiate Plaintiff's contention:

> MR. CAMARENA:  [¶]  I just contacted Dr.
> Harold Seymour this morning, and he has two
> dates that he can make himself available, and
> he prefers the first date, which is June 9th
> at 8:00 o'clock a.m.  If the Court is going
> to grant this motion, then I would request
> that Ms. Louen be ordered to appear at her

15

1             independent mental examination at that time
in his office, as well as the sanctions
2             requested therein, in the amount of $768.

3             THE COURT:  All right.  Mr. Little.

4             ...

5             MR. LITTLE:  [¶] ... I guess the only thing I
can say is that the docket reflects that we
6             have twice reflected clarification of [Judge
Coyle's April 19, 2006 Order], because
7             essentially, we believe that his order is a
collateral order that is subject to
8             interlocutory appeal under the Cohen
doctrine.  And we intend on filing an
9             interlocutory appeal based on that order, at
least with respect to the abstention issue.
10

11            THE COURT:  You mean the abstention of the
case?

12            MR. LITTLE:  Right.

13            THE COURT:  Okay.  Okay.

14            MR. LITTLE:  So that's been the reason for
the holding pattern regarding that.
15

            ...
16

            THE COURT:  ... The Court will put out a
17            ruling ... for all three matters in written
form, and I think you know the general
18            direction of all of them. ... [¶]  And until
there is an interlocutory appeal, Mr. Little,
19            I'm going to go ahead and order that the exam
take place.  And then just - you have to lead
20            me to where you are, okay?

21            MR. LITTLE:  Thank you, Your Honor.

22 (CT 11:10-18; 16:5-17; 17:12-16).  This transcript establishes

23 that Plaintiff expressed a general intent to appeal, but took not

24 action to put Defendants on notice that Plaintiff did not intend

25 to attend the ordered IME.  Even if she had expressed such an

26 intent, that would not allow her to escape sanctions for failing

1   to attend the IME as ordered.  Plaintiff's belated notice of

2   appeal after the time for the IME had come and gone.   Plaintiff

3   has not established a basis for reconsideration of the August 10,

4   2006 Order.

5               **c.   The Court's Jurisdiction**.

6       Plaintiff contends that the August 10, 2006 Order ignored

7   the authorities she cited in support of staying the proceedings

8   pending a collateral order appeal.

9       The court has already considered the relevant authorities

10  and concluded that the requirements of a collateral order appeal

11  do not apply because Plaintiff is free to refuse to undergo the

12  mental examination and appeal any sanctions after final judgment

13  is entered.  Order 5:20-6:20; *see Cullen v. Margiotta*, 811 F.2d

14  698, 709 (2nd Cir.1987).  Plaintiff's disagreement with the

15  court's interpretation of the relevant law does not present

16  grounds for reconsideration of the August 10 Order.

17      Furthermore, on September 21, 2006, the Ninth Circuit, after

18  Plaintiff's motion for reconsideration of the August 10 Order was

19  filed, dismissed Plaintiff's appeal for failure to prosecute.

20  (Doc. 153).  Although the Ninth Circuit subsequently granted

21  Plaintiff's motion to reinstate the appeal, the Ninth Circuit

22  dismissed the appeal for lack of jurisdiction on December 5,

23  2006.  Now that Plaintiff's appeal has been dismissed, the issue

24  whether the court had jurisdiction at the time of the August 10

25  Order is no longer relevant.  In any event, the August 10 Order

26  found jurisdiction and Plaintiff gives no basis to reconsider

1   that decision.  Finally, none of this changes the fact that

2   Plaintiff's appeal, undisputedly filed after the IME was

3   scheduled to begin, does not excuse Plaintiff's failure to attend

4   the IME.

5                    **d.  <u>Alleged Procedural Defects</u>**.

6        Plaintiff argues that the August 10 Order erred in holding

7   that sanctions are payable to both Defendants.  As noted, the

8   August 10 Order stated that "Plaintiff's counsel is directed to

9   pay Defendants $4,448.00, representing all sanctions ordered

10  against him in this action to date."

11       This language is at worst imprecise.  It is implicit in the

12  August 10 Order that the sanctions are payable to the party

13  moving for them; *i.e.,* the party that has incurred the expenses,

14  the Defendant City of Fresno.

15       Plaintiff also contends that the August 10 Order erred in

16  failing to recognize that "at minimum, plaintiff's counsel's acts

17  were partially well-founded, in good faith and legally

18  supported."

19       Such a holding is inconsistent with the court's

20  interpretation of the facts in this case.  Mr. Little's behavior

21  in connection with his client's mental examination has been

22  "reckless and irresponsible."  Order 9:26-27.  Mr. Little has

23  ignored court orders, resulting in Plaintiff's having "taken the

24  law into her own hands."  Order 9:7-10, 10:16.  Counsel's conduct

25  has been obstructive and succeeded in grinding the lawsuit to a

26  halt.  Where good faith has not been established, it is not error

                                    18

1   to fail to make that finding.  In any event, no showing of

2   willfulness is required for an award of reasonable expenses,

3   including attorney fees.  *Lew v. Kona Hosp.*, 754 F.2d 1420, 1427

4   (9th Cir.1988)("Even a negligent failure to allow reasonable

5   discovery may be punished.").

6        Plaintiff now complains about the amount of the stayed

7   sanctions the Magistrate Judge imposed on January 10, 2006,

8   contending that the sanctions "reflected an arbitrary amount."

9   Plaintiff did not challenge the amount of the sanctions or the

10  method of determination of sanctions at the January 20, 2006

11  before the Magistrate Judge; nor in moving for reconsideration of

12  the January 20, 2006 hearing before Judge Coyle; nor in opposing

13  Defendant City of Fresno's June 12, 2006 motion to dismiss,

14  wherein the City asked the court to award it $2,500 in sanctions.

15  Mr Little argued at the hearing that there was no need to

16  challenge the amount of the sanctions because payment of the

17  sanctions was stayed.  He further argued that he was entitled to

18  seek reconsideration because the sanctions were previously

19  imposed on his client, not him.

20       These arguments for reconsideration are persuasive.  The

21  court now eliminates the $2500.00 amount of the sanctions which

22  is not tied to the City's incurred attorneys' fees and costs.

23       Plaintiff claims that the August 10 Order erred in imposing

24  sanctions against Mr. Little personally.  Plaintiff argues that

25  this is improper because Defendant City of Fresno never requested

26  this and because Mr. Little was not given notice that sanctions

19

against him personally were being considered.  Plaintiff cites to the transcript of the July 28, 2006 hearing on the motion to dismiss:

> THE COURT:  All right.  Well, what I'm saying is this.  That there are - you know, maybe there's another test or two that would normally be administered in two, three hours, half day session, whatever it would be, that is reasonable.  That's what needs to be done. We need to get that examination.  Then we need to bring on the dispositive motions with the trial date backing that up.  That's what needs to happen in this case.
>
> MR. WEAKLEY:  Okay.
>
> THE COURT:  And now, I'm going to give you the choice, Mr. Little, because if you don't want to do that, of course, I'm going to have to consider alternative sanctions here.  (CT 26:22-27:9).

Plaintiff claims that these statements foreclose the possibility of sanctions being imposed on Mr. Little personally.

The portion of the transcript relied upon by Plaintiff does not foreclose the imposition of monetary sanctions.  The motion to dismiss being argued on July 28, 2006 specifically prayed for monetary sanctions as well as dismissal.

With regard to the $786 monetary sanction previously ordered by the Magistrate Judge and affirmed by Judge Coyle, Rule 37(b)(2), Federal Rules of Civil Procedure, provides that the court may require "the party failing to obey the order or the attorney advising that party or both" to pay expenses caused by failure to comply with a court order.  *See also FDIC v. Conner*, 20 F.3d 1376, 1382 (5th Cir.1994).  Thus:

1
2
3
4
5
6
7
8

> Because the apportionment of fault between an attorney and client is the court's responsibility, a party listing only its opponent in a motion for sanctions does not absolve the opponent's attorney of potential liability. Instead, the movant merely provides the court with the double option of holding responsible either the opponent or the attorney either under the motion or *sua sponte*. Accordingly, a motion for sanctions under Rule 37, even one which names only a party, places both on notice that the court may assess sanctions against either or both unless they provide the court with a substantial justification for their conduct.

*DeVaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1160 (11th Cir.1993). The same is true with respect to the sanctions in the amount of $1,180 ($980 in attorneys' fees incurred in preparing the motion to dismiss and $200 in costs incurred by Dr. Seymour because of Plaintiff's failure to attend the IME scheduled for June 9, 2006). The court, on the City of Fresno's motion to dismiss, carefully considered the conduct of Plaintiff and Mr. Little. Rather than imposing the sanction of dismissal because of Plaintiff's repeated intentional failures to comply with court orders, failures directly attributable to the conduct of Mr. Little, a lesser sanction was imposed. Based on the record, the court determined that because "Plaintiff's counsel is responsible for incurring these sanctions, he shall pay these sums solely from his personal funds." Order 14:2-4. Mr. Little had notice by virtue of the motion and the applicable Rules of Civil Procedure.

Plaintiff also contends that *sua sponte* sanctions require a finding by the court that Mr. Little "acted in bad faith,

21

vexatiously, wantonly, or for oppressive reasons", citing

*Chambers v. Nasco*, 501 U.S. 32, 45-46 (1991).  *Chambers* discusses

the imposition of sanctions based on a court's inherent powers.

*Id.* at 43.  Inherent powers come into play when a court is

acting, not pursuant to rule or statute, but pursuant to "the

control necessarily vested in courts to manage their own affairs

so as to achieve the orderly and expeditious disposition of

cases."  *Id.*

The $768 sanction initially ordered by the Magistrate Judge,

was ordered pursuant to Rule 37.  A motion under Rule 37

"provides the court with the double option of holding responsible

either the opponent or the attorney either under the motion or

*sua sponte*."  *DeVaney, id.,* 989 F.2d at 1160.  Such sanctions may

be assessed without a finding of willfulness.  *See Lew*, *id.,* 754

F.2d at 1427.  As Rule 37(b)(2) requires, the court found that

Mr. Little's actions were not justified and that an award of such

expenses is not unjust.  Furthermore, one of the factors reviewed

in deciding whether to dismiss an action for failure to comply

with court orders is the availability of lesser sanctions.

Again, Mr. Little is directly responsible for his client's

failure to comply with these orders.  Dismissing the action

because of Mr. Little's conduct seemed unfair as would imposition

of monetary sanctions on Ms. Louen, who relied on her attorney.

Plaintiff further seeks reconsideration of the August 10

Order because "although it seems to impose quasi-criminal type

sanctions on Plaintiff's counsel, it fails to explicitly so

1  indicate or make any explicit factual findings beyond a

2  reasonable doubt."  Plaintiff asserts:

3              If the sanction is intended to punish past
             conduct and is imposed for a definite amount
4            or period without regard for the contemnor's
             future conduct, it is criminal and must be
5            proved beyond a reasonable doubt.
             Alternatively, if the sanction is intended to
6            coerce the contemnor to comply with the
             court's orders in the future, and the
7            sanction is conditioned upon continued
             noncompliance, it is civil and need be proven
8            by a preponderance of the evidence.

9       This contention and the cases cited in support of it all

10 involve contempt proceedings.  No contempt proceedings were or

11 are at issue in this case.  Defendants moved to dismiss this

12 action pursuant to Rule 41(b), Federal Rules of Civil Procedure,

13 because of Plaintiff's failure to comply with court orders for

14 discovery.  In the context of reviewing the factors underlying

15 such a decision, the fifth factor, the availability of lesser

16 sanctions, led the court to conclude that monetary sanctions

17 imposed on Mr. Little would be more appropriate than dismissing

18 the action.  Consequently, reconsideration of the August 10 Order

19 on the ground that an improper burden of proof was used is not

20 well-taken.

21      Plaintiff moves for reconsideration of the monetary sanction

22 imposed in connection with the City of Fresno's attorneys' fees

23 incurred in drafting the motion to dismiss, pointing out that she

24 was successful in persuading the court that dismissal under Rule

25 41(b) was not an appropriate sanction for the failure to comply

26 with the court's orders.

1    Plaintiff is not entitled to reconsideration of the August
2  10 Order on this ground.  Although Plaintiff avoided dismissal of
3  the action, the August 10 Order imposed these attorneys' fees as
4  a lesser sanction to dismissal because of the failure to comply.

5       **B.  Defendants' Motion to Dismiss**

6    Defendants' second motion to dismiss pursuant to Rule 41(b)
7  is DENIED without prejudice.  At this juncture, Plaintiff will
8  not be sanctioned by dismissal merely because a stay of the
9  August 10 Order did not precede the filing of the motion for
10 reconsideration.  Furthermore, because the motion for
11 reconsideration is granted in part, dismissal is inappropriate.

12   ACCORDINGLY, as set forth above:

13   1.  Plaintiff's Application for Reconsideration and
14 Correction of Order Denying Motion to Dismiss Action with
15 Prejudice is GRANTED IN PART AND DENIED IN PART.

16       a.  Plaintiff's counsel is assessed sanctions in the
17 amount of $1,180.00 for causing Plaintiff to fail to attend the
18 IME on June 9, 2006.

19       b.  Within 20 days of the filing date of this Order,
20 Plaintiff's counsel is directed to pay defendant City of Fresno
21 $1,948.00.

22       c.  Plaintiff is directed to attend an IME with Dr.
23 Seymour.  The IME need not last a full day if Dr. Seymour is able
24 to complete the IME in less time.  Plaintiff's counsel shall
25 schedule the IME with Dr. Seymour within 20 days of the filing
26 date of this Order, giving written notice of the IME date and

24

1   time to Defendants.

2          d.   The IME shall be audio-recorded.

3          e.   No third party, including Plaintiff's counsel, may

4   attend the IME.

5          f.   Plaintiff's counsel shall serve a copy of this

6   Order on Plaintiff Holly Louen within seven days of the filing

7   date of this Order.

8          g.   No further motions for reconsideration of the

9   issues or rulings discussed in this Order will be considered.

10         e.   ANY FURTHER FAILURE OF PLAINTIFF OR PLAINTIFF'S

11  COUNSEL TO TIMELY COMPLY WITH AN ORDER OF THIS COURT WILL RESULT

12  IN DISMISSAL OF THIS ACTION.

13     2.   Defendants' motion to dismiss pursuant to Rule 41(b),

14  Federal Rules of Civil Procedure is DENIED WITHOUT PREJUDICE.

15     **IT IS SO ORDERED.**

16  **Dated:   March 22, 2007**            _____/s/ Oliver W. Wanger_____
    668554                            UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

25