IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY LOUEN,<br><br>        Plaintiff,<br><br>vs.<br><br>FRESNO POLICE OFFICER BRIAN TWEDT; THE CITY OF FRESNO, CALIFORNIA,<br><br>        Defendants. | 1:04-cv-06556-OWW-SMS<br><br>**ORDER re: DEFENDANT CITY OF FRESNO'S MOTION FOR PROTECTIVE ORDER**<br>(Doc. 214) |

    On May 2, 2007, Defendant City of Fresno ("City") filed its motion for protective order, noticing a hearing date of June 8, 2007 (Doc. 214).  On June 5, 2007, the City filed Defendants' portion of the joint statement regarding discovery dispute; Defendant City of Fresno's motion for protective order (Doc. 215), and appended thereto the City's proposed protective order re: psychological testing materials utilized by Harold Seymour, Ph.D. (Doc. 215-3).  On June 6, 2007, at 4:44 p.m., Plaintiff Holly Louen ("Louen") filed her opposition to Defendant the City of Fresno's motion for protective order (Doc. 217).  On June 8, 2007, the City filed its objection to Plaintiff's belated opposition to motion for protective order (Doc. 218).

1

1     On June 6, 2007, at 1:37 p.m.,  the Court vacated the hearing
2 via minute order (Doc. 216) pursuant to Local Rule 78-230(h).
3 There being no apparent opposition and/or participation in the
4 preparation of the joint statement re: discovery disagreements as
5 of the due date of the Local Rule 37-251 joint statement, the Court
6 concluded she would rule upon the motion without oral argument.
7     GOOD CAUSE APPEARING, the Court having considered the
8 pleadings submitted in this matter, HEREBY ORDERS as follows:
9     A.   Plaintiff's opposition to this motion was, indeed, late
10 pursuant to Local Rule 251.  And, it does appear from the exhibits
11 attached to the City's portion of the joint statement that diligent
12 efforts were made by City's counsel to timely obtain Plaintiff's
13 portion of the joint statement.  It is on that basis that the City
14 filed its objection to Plaintiff's belated opposition, requesting
15 that the Court not consider said opposition or, in the alternative,
16 set the matter for oral argument and/or an opportunity to respond.
17         The Court has read and considered Plaintiff's
18 opposition.  The City's objection is noted and is sound.  Yet, no
19 oral argument and/or opportunity to respond will elucidate the
20 relatively narrow issue presented to the Court.  And, Plaintiff's
21 opposition did not change the Court's intended ruling in any event.
22         The City's request to disregard Plaintiff's opposition is
23 DENIED; and,
24     B.   Having carefully considered the City's argument, the
25 Court finds that the proposed protective order the City submitted
26 for consideration is sufficient to protect Dr. Seymour's concerns
27 pursuant to the California Business and Profession Code § 2930,
28 Title 16 of the Psychology Regulations § 1396.3, as well as 17

2

1  U.S.C. § 107.  Were Plaintiff's consultants/psychologist interns
2  Lissa H. Parker and/or Keri L. Waterland licensed psychologists,
3  there would be no dispute.  Per Attorney Little's e-mail to
4  Attorney Camarena of April 26, 2007, attached as exhibit J to the
5  City's 251 statement, " Ms. Parker an [sic] Ms. Waterland are not
6  supervised by a licensed mental health practitioner."  Yet, a
7  review of the curriculum vitaes/resumes of each proposed consultant
8  (Exhibit H to the City's Statement) reveals two students in the
9  Doctor of Philosophy in Forensic Psychology program at Alliant
10 International University, Fresno, CA, who have a significant enough
11 education and experience in the field of psychology to support a
12 conclusion by this Court that each has a great deal to lose if they
13 were to defy any federal court orders relating to review/use of the
14 psychological records and information that is the subject of this
15 motion.
16         Lissa H. Parker - Graduated Summa Cum Laude from Cal
17 State, Stanislaus with a B.A. in psychology and criminal justice;
18 majored in psychology as early as junior college, receiving her
19 A.A. degree with honors; appears to have been employed and/or
20 volunteered for the past seven years or so applying psychology/
21 behavioral science training; maintains memberships in psychology
22 and/or psychology/law organizations; has received honors and awards
23 that befit someone dedicated to the field of psychology; and, is
24 currently involved with a teaching assistantship in Psychological
25 Assessment II: Socio-emotional/Personality Assessment.
26         Keri L. Waterland - Obtained Bachelor of Science and
27 Master of Arts degrees in psychology/counseling psychology; has
28 obviously applied her psychological training over the past ten

3

1  years of her employment; is applying those same skill sets in her
2  current internships/program development; worked as a teaching
3  assistant at Alliant International University this past Spring in
4  Socio-Emotional and Personality Testing, Psychological Assessment
5  II; and, has current professional memberships in several
6  psychological associations.
7         In short, these consultants appear to be dedicated to
8  their chosen field of psychology be it the forensic versus the
9  doctorate program or not.  For purposes of this discovery dispute,
10 it is this Court's FINDING that Dr. Seymour's records can be safely
11 disclosed to these two consultants without any ethical concerns or
12 fear of copyright infringements.
13         Too, the Court does make use of one proffer from
14 Plaintiff's opposition:  If, indeed, Plaintiff herself signed a
15 release providing that there is no confidential psychologist-
16 patient relationship between her and Dr. Seymour, and it is
17 Plaintiff herself who is seeking the revelation of her testing
18 records/scores/etc., there should be little fear that they can/will
19 be misused by her own consultants or any other individual
20 Plaintiff's counsel deems appropriate for disclosure, *per the*
21 *Protective Order issued contemporaneously herewith*.
22         **NOTE**:  **Under no circumstances is Plaintiff herself to be**
23 **provided a copy of any of the documents Dr. Seymour provides.**
24 **Plaintiff can view them in the company of her counsel and/or the**
25 **consultants; but, she may not have her own copy to review and/or**
26 **remove from her attorney's office.**
27 ///
28 //

4

/

### Conclusion

The Court hereby GRANTS Defendant City's motion for protective order which proposed order is signed contemporaneously herewith.

IT IS SO ORDERED.

**Dated:   June 21, 2007**                        /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE

5