IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY LOUEN,<br><br>        Plaintiff,<br><br>vs.<br><br>FRESNO POLICE OFFICER BRIAN TWEDT; THE CITY OF FRESNO, CALIFORNIA,<br><br>        Defendants. | 1:04-cv-06556-OWW-SMS<br><br>**INFORMATIONAL ORDER AND ADDENDUM TO COURT ORDER OF DECEMBER 21, 2006**<br>(Doc. 184) |

    During preparation of a June 21, 2007 Order re: Defendant City of Fresno's Motion For Protective Order (Docs. 214, 219), the Court became aware of a matter the Court had thought she clarified. Specifically, Defendant City of Fresno filed a Request For Clarification Regarding the Court's December 21, 2006 Order Re: *In Camera* Review of Brian Twedt's Records on January 2, 2007 (Doc. 184). As it was not noticed as a motion and there was no direct response from Plaintiff Holly Louen but rather the filing of Plaintiff's own Motion For Reconsideration of the Court's December

21, 2006 Order (Doc. 183)[1], the issue of a protective order regarding any and all production pursuant to the Court's 12/21/06 Order was inadvertently missed.

It always was the intent of the undersigned to order a protective order in conjunction with and related to the production of copies of the records made available to the Court for review and which portions of said records were ordered produced.  In Defendant City's Request For Clarification mention is made of Plaintiff's counsel's objection to the signing of a protective order relating to the production of certain records of Officer Twedt.  That option would not have been at time of hearing and thereafter pursuant to an order, nor now, an option.  The Court should have ordered such a protective order in conjunction with her December 21, 2006 Order but neglected to do so.

Inasmuch as Defendant City included a Proposed Protective Order Regarding Personnel and Internal Records, which proposed order appears to de rigueur/boilerplate, used in very like form in many cases similar to the herein matter, the Court issues the following addendum to her order of December 21, 2006:

IT IS HEREBY ORDERED that the Proposed Protective Order lodged with the Request For Clarification on January 2, 2007 (Doc. 184-4) is adopted and signed by the Court, to be filed simultaneously

---

[1] Editorially, a review of this Motion calendared for Judge Wanger's consideration, reveals something that is of concern to this Court:  Of the several entries in Plaintiff's motion referring to "...the Court's December 21 Order [making] no mention of this," Plaintiff's counsel apparently is in possession of copies of documents, perhaps produced in the state court action, which were not included among those submitted to this Court for review.  If all or some of these documents were produced and this Court simply missed them, which is unlikely, it was unintentional, not meant to indicate that any or all of them are not discoverable.

2

herewith.  Counsel for Defendant City of Fresno is DIRECTED to retrieve the records presented to the Court for *in camera* review as soon as possible by coordinating with Judicial Assistant, Frances Robles, at 499-5690.

IT IS SO ORDERED.

**Dated:   June 21, 2007**                         /s/ **Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE