James D. Weakley, Esq.  Bar No. 082853
Erica M. Camarena, Esq.  Bar No. 227981

THE LAW FIRM OF
WEAKLEY, RATLIFF,
ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California 93710

Telephone: (559) 221-5256
Facsimile: (559) 221-5262

Attorneys for Defendant, CITY OF FRESNO

FILED
JUN 21 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY LOUEN, <br><br> Plaintiff <br><br> vs. <br><br> FRESNO POLICE OFFICER BRIAN TWEDT; THE CITY OF FRESNO, CALIFORNIA, <br><br> Defendants. | CASE NO. CIV-F-04-6556 OWW SMS <br> ~~PROPOSED~~ PROTECTIVE ORDER REGARDING PERSONNEL AND INTERNAL RECORDS |

WHEREAS, the Court has ordered the Defendant City of Fresno ("the City") to produce certain documents in its December 21, 2006 Order regarding the Court's *in camera* review of records/documents;

WHEREAS, the City believes, in good faith, that these documents requested by the Plaintiff contains information that is: (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence;

//

//

---

Proposed Protective Order Re: Personnel and
Internal Records

IT IS HEREBY ORDERED, that those portions of the documents described above may be designated as "Confidential" by the City and produced subject to the following Protective Order:

1. The disclosed documents shall be used solely in connection with the federal civil case of *Holly Louen v. Brian Twedt and the City of Fresno*, Case No. CIV-F-04-6556 OWW SMS, and in the preparation and trial of this case.

2. A party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential Material Subject to Protective Order." If any Confidential materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked Confidential in a manner agreed upon by the disclosing and requesting parties.

3. Documents or materials designated under this Protective Order as Confidential may only be disclosed to the following persons:

    a) Counsel for Plaintiff in this proceeding, Kevin G. Little and counsel for Defendant Brian Twedt, Gregory Myers;

    b) Attorney, paralegal, clerical, and secretarial personnel regularly employed by counsel Kevin G. Little and Gregory Myers, including stenographic deposition reporters or videographers retained in connection with this action;

    c) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

    d) Any expert or consultant retained in connection with this action;

    e) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

    f) Plaintiff HOLLY LOUEN, to the extent reasonably necessary to assist her counsel in this litigation or for her counsel to advise them with respect to the litigation. Plaintiff is not to disclose Confidential information or materials to any other persons without prior court permission or by prior stipulation by the City and Brian Twedt or his representative.

4. All documents or materials designated as Confidential pursuant to this Protective Order, and all papers or documents containing information or materials designated as Confidential,

that are filed with the Court for any purpose shall be filed and served under seal

5. The designation of information as "Confidential," and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

6. A party may apply to the Court for an order that information or materials labeled as Confidential are not, in fact, confidential. Prior to so applying, the party seeking to reclassify Confidential information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order.

7. Each person to whom disclosure is made, with the exception of counsel, and its paralegal, clerical, and secretarial personnel, who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure, be provided by the person furnishing him or her such material, a copy of this Protective Order. Each person to whom disclosure is made shall agree on the record or in writing that he/she has read the Protective Order and he/she understands the provisions of the Protective Order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.

8. No documents designated as Confidential shall be provided to the news media directly or indirectly in any form.

9. Any inadvertent disclosure of Confidential documents will not be deemed to waive the claim to confidentiality.

10. Within 45 days of receiving notice of the entry of an order, judgment, or decree terminating this action, all persons having received protected information shall return all confidential documents to the Law Firm of Weakley, Ratliff, Arendt & McGuire.

10. The Confidential documents and materials produced to Plaintiff, or any representative of Plaintiff, by the City pursuant to this Protective Order shall be marked with a red

Proposed Protective Order Re: Personnel and
Internal Records         3

1 stamp as, "Confidential Material Subject to a Protective Order". Additionally, the documents produced to plaintiff HOLLY LOUEN will be marked "HOLLY LOUEN" with a red stamp.

Neither Plaintiff, nor anybody acting on her behalf, shall make copies of any documents designated as "Confidential Material Subject to a Protective Order" and produced as described above. Copies of designated Confidential documents shall be made solely by the City, who will produce them to Plaintiff at her expense.

Plaintiff will advise City of the names and addresses of all individual(s) she wishes to provide Confidential documents to. Subject to each individual's signature acknowledging that they have read, understand and agree to this Protective Order, the City will produce to Plaintiff, at her expense, a copy of the documents designated as described above.

11. Any person violating this Order shall be held in contempt and subject to sanctions.

**IT IS SO ORDERED.**

DATED: June 21, 2007

Magistrate Judge Sandra M. Snyder

Proposed Protective Order Re: Personnel and
Internal Records                                 4