1
2
3

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOLLY LOUEN,<br><br>             **Plaintiff,**<br><br>    **v.**<br><br>CITY OF FRESNO; BRIAN TWEDT,<br><br>             **Defendants.** | **1:04-CV-06556 OWW SMS**<br><br>**MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

## 1.  INTRODUCTION

Plaintiff Holly Louen ("Louen") moves for reconsideration of a June 21, 2007 Order denying her motion for summary judgment on collateral estoppel grounds.  In the alternative Louen moves the court to certify its ruling.  Defendants oppose the motion.

## 2.  PROCEDURAL BACKGROUND

Louen filed her complaint on November 15, 2004.  (Doc. 1, Complaint.)  On November 16, 2006 Louen filed a motion for summary judgment.  (Doc. 166, Plaintiff's Motion for Summary Judgment.)  On December 4, 2006 the City of Fresno and Officer Twedt opposed Louen's motion.  (Doc. 177, City of Fresno's Opposition to Motion; Doc. 185, Twedt's Opposition.)  Louen filed her reply on March 20, 2007.  (Doc. 202, Reply to Opposition.)  The court issued an order on June 21, 2007 denying Plaintiff's motion for summary judgment.  (Doc. 220, Order Denying Plaintiff's Motion for Summary Judgment).

**1**

1    On June 22, 2007, Louen filed a motion for reconsideration

2  for the court's June 21 order.  (Doc. 223, Motion for

3  Reconsideration.)  On July 6, 2007 The City of Fresno and Officer

4  Twedt filed oppositions to Louen's motion.  (Doc. 225, City of

5  Fresno's Opposition; Doc. 226, Officer Twedt's Opposition.)

6                    **3.  <u>FACTUAL BACKGROUND</u>**

7    This litigation arises from Louen's complaint alleging a

8  violation of her civil rights under 42 U.S.C. 1983 by the City of

9  Fresno and Police Officer Brian Twedt ("Twedt").

10    Prior to the initiation of this action, the California

11  Superior Court, County of Fresno issued an order on June 30, 2004

12  granting Louen injunctive relief under Cal. Code Civ. Proc. §

13  527.6 against Officer Twedt.  The Superior Court issued the

14  following findings:

15    1.    The incidents in February and March of 2003 as

16          alleged indicate specific attempts to annoy the

17          plaintiff by interfering in the movement of her

18          vehicle.

19    2.    The incidents of March 7, 2004 as alleged

20          indicates an attempt by the defendant to harass or

21          annoy the plaintiff by following her and passing

22          her in a one lane area on a police motorcycle.

23    3.    An incident on March 16, 2004 as alleged indicates

24          the defendant tried to annoy plaintiff by shining

25          his police motorcycle lights in the direction of

26          the petitioner and her mother at approximately

27          11:00 p.m. for several minutes.

28    4.    An incident on March 26, 2004 as alleged

**2**

indicates that the defendant impeded plaintiff's
husband in a nearby intersection by sitting
through an entire green signal speeding through
the yellow signal preventing Mr. Louen from
proceeding.

5.   An incident on April 27, 2004 as alleged indicates
that defendant impeded plaintiff's travel entry
into their neighborhood.

6.   The incident on April 30, 2004 as alleged
indicates that defendant impeded Louen at an
intersection by sitting through an entire green
signal and speeding off through the yellow signal
preventing plaintiff from entering the
intersection on the green signal, though
petitioner apparently honked to advise the signal
was green.

7.   Further, within minutes thereafter the defendant
harassed plaintiff at the gated entrance to the
housing complex as petitioner drove up to enter.
As plaintiff drove behind the defendant, defendant
exited his vehicle and walked quickly and
aggressively towards plaintiff's vehicle and
yelled loudly something to the effect, "You bitch.
Get a life," and other foul language.

8.   This incident was documented when Louen
snapped a picture of the defendant as he stood
outside her vehicle.

9.   She then proceeded to drive around him into the

3

1    complex, the gate apparently being open.

2  10.   Each party drove to their respective residence.

3  11.   Plaintiff closed her garage door as she believed
4        defendant was coming across the street to approach
5        her.

6  12.   Mr. Twedt thereafter called the Clovis Police
7        Department to report plaintiff had bumped him, and
8        plaintiff called minutes later to report defendant
9        had assaulted her.

10 13.   Plaintiff denied hitting defendant's vehicle, and
11        no damage was found on either car.

12 14.   The court found that though most of the incidents
13        if standing alone would lack sufficient strength
14        to suggest a continuing trend of harassment,
15        together they indicate a knowing, willful course
16        of conduct and entails a pattern or series of acts
17        over a period of time evidencing a continuity of
18        purpose.

19 15.   The court further found that the acts were
20        directed at the specific person of Louen or
21        family.

22 16.   The defendant annoyed or harassed Louen in that
23        these actions or acts have served no legitimate
24        purpose.

25 17.   In addition, the court finds that the severe
26        emotional distress of plaintiff was caused by
27        defendant's acts, and that a reasonable person
28        under similar circumstances might suffer such

**4**

1         distress.

2     18.   The court further found that the defendants' acts

3            taken as a whole are not constitutionally

4            protected activity; therefore, the court found by

5            the standard of clear and convincing evidence that

6            there is substantial evidence to sustain the

7            petition for injunctive relief on behalf of

8            petitioner pursuant to Code of Civil Procedure

9            Section 527.6(b)(3).

10 (Doc. 166, Plaintiff's Motion for Summary Judgment, Exhibit C).

11     The day after filing her complaint in federal court, Louen

12 moved for summary judgment on collateral estoppel grounds.  Louen

13 argued that the federal court should give preclusive effect to

14 the state court findings based on collateral estoppel and find in

15 her favor.  On June 21, 2007, Louen's motion for summary judgment

16 was denied.  She now moves for reconsideration of the June 21

17 order.

18 **4.   STANDARD OF REVIEW**

19     Rule 60(b) permits reconsideration of a judgment or order of

20 the district court on grounds of: 1) mistake, inadvertence,

21 surprise, or excusable neglect; 2) newly discovered evidence that

22 supports grounds for a new trial under Rule 59; 3) fraud of an

23 adverse party; 4) judgment is void; 5) judgment has been

24 satisfied, released or discharged; or 6) any other reason

25 justifying relief from the operation of the judgment.  *See* Fed.

26 R. Civ. P. 60(b).

27     Rule 60 reconsideration is generally appropriate in three

28 instances:  1) when there has been an intervening change of

controlling law, 2) new evidence has come to light, or 3) when
necessary to correct a clear error or prevent manifest injustice.
*School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th
Cir.), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742, 129 L.Ed.2d
861 (1994); *see also* L.R. 78-230(k), Local Rules of the Eastern
District.[1]  "A motion for reconsideration is not a vehicle to
reargue a motion or to present evidence which should have been
raised before." *Bermingham v. Sony Corp. of America*, 820 F.
Supp. 834, 856 (D.N.J. 1992), *aff'd*, 37 F.3d 1485 (3rd Cir.
1994).  "A party seeking reconsideration must show more than a
disagreement with the Court's decision. . . . [R]ecapitulation
of the cases and arguments considered by the Court before
rendering its original decision fails to carry the moving party's
burden." *Id.*  To succeed, a party must set forth facts or law of
a strongly convincing nature to induce the court to reverse its
prior decision.  *See, e.g., Kern-Tulare Water Dist. v. City of
Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part
and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987),
*cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214
(1988).

---

[1]     Local Rule 78-230(k) permits reconsideration of:

any motion [that] has been granted or denied in whole or
in part, . . . [upon motion] setting forth the material
facts and circumstances surrounding each motion for which
reconsideration is sought, including:

(1)   when and to what Judge the prior motion was made,
(2)   what ruling, decision or order was made thereon, and
(3)   what new or different facts or circumstances are
      claimed to exist which did not exist or were not
      shown upon such prior motion, or what other grounds
      exist for the motion.

1  "Clause 60(b)(6) is residual and must be read as being
2  exclusive of the preceding clauses." *LaFarge Conseils et Etudes,*
3  *S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986)
4  (internal quotations and citations omitted).  Rule 60(b)(6) "is
5  reserved for 'extraordinary circumstances.'"  *Id.*  Motions to
6  reconsider under Rule 60(b) are committed to the discretion of
7  the trial court.  *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir.
8  1983)(*en banc*).

9      Louen argues that the court committed clear error in its
10 July 21, 2007 order denying her motion for summary judgment.  She
11 requests reconsideration of the order.

## 5.  DISCUSSION

13 **A.    Summary Judgment Standard**

14     Summary judgment is warranted only "if the pleadings,
15 depositions, answers to interrogatories, and admissions on file,
16 together with the affidavits, if any, show that there is no
17 genuine issue as to any material fact."  Fed. R. Civ. P. 56(c);
18 *California v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998).
19 Therefore, to defeat a motion for summary judgment, the non-
20 moving party must show (1) that a genuine factual issue exists
21 and (2) that this factual issue is material.  *Id.*  A genuine
22 issue of fact exists when the non-moving party produces evidence
23 on which a reasonable trier of fact could find in its favor
24 viewing the record as a whole in light of the evidentiary burden
25 the law places on that party.  *See Triton Energy Corp. v. Square*
26 *D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995); *see also Anderson v.*
27 *Liberty Lobby, Inc.*, 477 U.S. 242, 252-56 (1986).  Facts are
28 "material" if they "might affect the outcome of the suit under

**7**

the governing law." *Campbell*, 138 F.3d at 782 (quoting *Anderson*, 477 U.S. at 248).

The nonmoving party cannot simply rest on its allegations without any significant probative evidence tending to support the complaint. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrell*, 477 U.S. 317, 322-23 (1986).

Louen moved for summary judgment based on the doctrine of collateral estoppel.  In order for Louen to succeed, she must make a showing that establishes as a matter of law, the existence of the elements essential to collateral estoppel and on which she will bear the burden of proof at trial.

**B.   Collateral Estoppel**

Under 28 U.S.C. § 1738, state judicial proceedings "shall have the same full faith and credit in every court within the United States... as they have by law or usage in the courts of such state... from which they are taken. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).  This statute directs a federal court to refer to the preclusion law of the state in which judgment was rendered. *Id.; see also, Diruzza v. County of Tehama*, 323 F.3d 1147, 1152 (9th Cir. 2003).

**8**

Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. *Id.* A party who asserts the bar of collateral estoppel bears the burden of demonstrating each of its elements. *Jenkins v. County of Riverside*, 138 Cal. App. 4th 593, 617 (Cal. Ct. App. 2006.) An earlier ruling will be given collateral estoppel effect when (1) the issue is identical to that decided in a former proceeding; (2) the issue was actually litigated and (3) necessarily decided; (4) the doctrine is asserted against a party to the former action or one who was in privity with such a party; and (5) the former decision is final and was made on the merits. *Id.* Under California law, a judgment is not final during the pendency of and until the resolution of an appeal. *Sosa v. DIRECTV, Inc.,* 437 F.3d 923, 928 (9th Cir. 2006); *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985).

### i. The Issues in this 42 U.S.C. § 1983 are not identical, were not actually litigated, or necessarily decided by the § 527.6 proceeding in state court.

In her motion for reconsideration, Louen argues that the June 21 order "seems to be based on two completely erroneous premises: (1) that the state court appeal proceedings remain pending; and (2) that proceedings under Cal. Code of Civ. Proc. § 527.6 are not entitled to preclusive effect because they are subject to modification at any time." However, Louen fails to address in any of the pleadings how the issues in the § 527.6 state proceeding were identical to those now brought in this action, whether they were actually litigated, and necessarily decided by the Superior Court.

Louen brings an action under 42 U.S.C. § 1983 for a

1   violation of her First Amendment and Fourteenth Amendment rights
2   as well as for violations of Substantive and Procedural Due
3   Process and Equal Protection.  Louen also requests declaratory
4   relief and asserts various state causes of action including
5   intentional infliction of emotional distress and a state civil
6   rights violation under California Civil Code § 52.1.  In its June
7   21 order, the court erroneously stated that the issues Louen
8   seeks to preclude are identical to those established in the state
9   court's findings of fact.

10      The issues in the Cal. Code Civ. Proc. § 527.6 proceeding
11  involve a showing by clear and convincing evidence that plaintiff
12  has been harassed so as to be entitled to injunctive relief.
13  *Grant v. Clampitt*, 56 Cal. App. 4th 586, 591 (Cal Ct. App.
14  1997).  Harassment is defined as a "knowing and willful course of
15  conduct directed at a specific person which seriously alarms,
16  annoys, or harasses the person and which serves no legitimate
17  purpose."  *Id.*; *see also*, Cal. Code Civ. Proc. § 527.6 (b).
18  Louen fails to provide any argument or authority that the issues
19  established in a § 527.6 proceeding are identical to the elements
20  of claim under 42 U.S.C. § 1983, which involve violation of
21  rights afforded by the U.S. Constitution or some federal law
22  under the color of law that resulted in damage.

23              **a.  Louen's First Amendment Claim**

24      Louen's first claim is for a violation of her First
25  Amendment right to be free from retaliation for speaking out
26  against a government official.  (Doc. 1, Complaint, ¶ 13, Filed
27  November 15, 2004.)  To demonstrate retaliation in violation of
28  the First Amendment, Louen must first prove that Defendant took

action that "would chill or silence a person of ordinary firmness from future First Amendment activities." *Skoog v. County of Clackamas*, 469 F.3d 1221, 1231-1232 (9th Cir. 2006).  Second, Louen must prove causation.  *Id.*  She must ultimately show that Officer Twedt's intent to cause the chilling effect was a but for cause of his action.  *Id*.

For collateral estoppel purposes, Louen provides no evidence that any of the issues in her First Amendment claim were presented to, decided, or are identical to the harassment issues already decided by the state court as to Twedt in the § 527.6; or that the First Amendment § 1983 issues were actually litigated and necessarily decided.  The § 527.6 proceeding involved a different inquiry with different legal issues from issues presented by a First Amendment § 1983 claim.  The state court proceeding established the following:

1.   That though most of the incidents if standing alone would lack sufficient strength to suggest a continuing trend of harassment, together they indicate a knowing, willful course of conduct and entails a pattern or series of acts over a period of time evidencing a continuity of purpose.

2.   That the acts were directed at the specific person of Louen or family.

3.   The defendant annoyed or harassed Louen in that these actions or acts have served no legitimate purpose.

4.   That the severe emotional distress of plaintiff was caused by defendant's acts, and that a

1          reasonable person under similar circumstances

2          might suffer such distress.

3      5.   That the defendants' acts taken as a whole are not

4          constitutionally protected activity; therefore, by

5          clear and convincing evidence that there is

6          substantial evidence to sustain the petition for

7          injunctive relief on behalf of petitioner pursuant

8          to Code of Civil Procedure Section 527.6(b)(3).

9  (Doc. 166, Plaintiff's Motion for Summary Judgment, Exhibit C).

10      Plaintiff does not provide the state court record to show

11 that any of Louen's First Amendment claim issues were addressed

12 in any way in the state court proceeding.  Louen fails to provide

13 any legal analysis or law showing that collateral estoppel

14 applies to her present § 1983 claims.  The state court did not

15 address any allegation that Officer Twedt's harassment was

16 motivated by a desire to cause a chilling effect to Louen's

17 speech.  Louen also fails to show that the issue of causation and

18 damages were addressed in the § 526.7 proceeding.  Her complaint

19 does not allege that Officer Twedt intended to cause a chilling

20 effect on her freedom of expression.

21      The motion for reconsideration of the June 21st order for

22 Louen's First Amendment claim is **DENIED.**

23              **b.   Louen's Substantive Due Process Claim**

24      Louen asserts a violation of her substantive due process

25 rights by Officer Twedt.  The issues raised by the necessary

26 elements of a substantive due process claim are that Louen must

27 first show a deprivation of her liberty and, second, that Officer

28

**12**

1   Twedt's behavior "shocked the conscience." *Brittain v. Hansen*,

2   451 F.3d 982, 991 (9th Cir. 2006).

3       Louen neither alleges nor has evidence to prove that the §

4   527.6 proceeding addressed whether she was deprived of her

5   liberty as a result of Officer Twedt's actions and whether such

6   actions were so egregious that they "shock the conscience."[2]   In

7   her complaint, Louen alleges several instances of Defendant

8   interfering with the movement of her vehicle.  The state court

9   findings issued on June 30, 2004 found that Officer Twedt

10  attempted to annoy Louen, impede her travel into her

11  neighborhood, and engage in a pattern of these acts for the

12  purposes of harassing her.  (Doc. 166, Plaintiff's Motion for

13  Summary Judgment, Exhibit C).  This, however, does not establish

14  that Officer Twedt's actions were committed to deprive Louen of

15  her liberty, for substantive due process purposes, or that his

16  actions were so egregious that they "shocked the conscience."

17  Louen provides no fact or law to establish otherwise.

18      Motion for reconsideration of the June 21 order for Louen's

19  substantive due process claim is **DENIED**.

20  _____

21      [2] Examples of Ninth Circuit cases that shock the conscience
    are:  *Fontana v. Haskin*, 262 F.3d 871, 881 (9th Cir. 2001)(police

22  officer's conduct was found to "shock the conscience" because
    officers sexually assaulted the Plaintiff); *United States v.*

23  *Smith,* 924 F.2d 889, 897 (9th Cir. 1991)(outrageous government
    conduct found where the government engineered and directed the

24  criminal enterprise from start to finish); *United States v.*
    *Bogard*, 783 F.2d 1428, 1435 (9th Cir. 1986)(outrageous government

25  conduct found where police have been brutal in employing physical
    or psychological coercion against the defendant.).  Twedt's

26  actions in this case although not trivial, reflect a personal
    controversy and do not per se rise, as a matter of law, to the

27  level of "conscience shocking" behavior, nor did the state court
    so find.

28

**13**

1            **c.   Louen's Procedural Due Process Claim**

2      Louen also brings a § 1983 claim for a violation of her

3 procedural due process rights under the Fourteenth Amendment.

4 The Fourteenth Amendment protects one from deprivations of

5 property or liberty without procedural due process. *Lebbos v.*

6 *Judges of Superior Court*, 883 F.2d 810, 818 (1989).   Due process

7 requires notice and an opportunity to be heard at a meaningful

8 time and in a meaningful manner.   *Id.*

9      There is no evidence in the record that this issue was

10 presented to the state court or that the state court addressed

11 the issues of whether Louen's procedural due process rights were

12 violated by Officer Twedt so as to cause § 1983 damages.

13 Further, Louen does not specify what constitutional liberty

14 interest she was deprived of, nor does she allege that she did

15 not have an opportunity to be heard.

16      The motion for reconsideration of the June 21 order for

17 Louen's procedural due process claim is **DENIED**.

18            **d.   Equal Protection**

19      Louen's final claim is for violation of her equal protection

20 rights.   To state such a claim, Louen must show that Officer

21 Twedt intentionally discriminated against her based on her

22 membership in a protected class.   *See Barren v. Harrington*, 152

23 F.3d 1193, 1194 (9th Cir. 1998).

24      Louen has not provided evidence that she is a member of a

25 protected class.   She has entirely failed to show that the issue

26 of her status as a member of a protected class was at issue in

27 the state court proceeding, that it was actually litigated, and

28 decided.

**14**

The motion for reconsideration of the June 21 order for Louen's Equal Protection claim is **DENIED.**

### ii.   The City of Fresno Was Not a Party to the § 527.6 Proceeding

It is unclear whether Louen seeks reconsideration of the denial of summary judgment as to the City of Fresno.  It was equally unclear from Louen's pleadings in her motion for summary judgment whether she was asserting that collateral estoppel applied to the City of Fresno or only to Officer Twedt, individually.

The fourth requirement for application of collateral estoppel is that the doctrine only operates against a party to the former action or one who was in privity with such a party with the same incentive to litigate.  *See Jenkins*, 138 Cal. App. 4th at 617.  Louen does not address this requirement in her motion for reconsideration.  The City of Fresno was not a party to the § 527.6 proceeding and had no opportunity to fully litigate the issues.  Further, as stated in the June 21 order, there is a factual dispute as to whether the City of Fresno and Officer Twedt were in privity when the alleged unlawful acts occurred and whether Officer Twedt was acting in the course and scope of his public employment.  None of these issues were heard or decided by the state court.

To the extent that Louen seeks reconsideration of the June 21 order denying summary judgment against the City of Fresno, the motion is **DENIED.**[3]

---

[3]   There is no dispute that Officer Twedt was a party to the § 527.6 action or that the same party requirement for collateral estoppel is met as to Officer Twedt.

**15**

### iii. Final Decision on the Merits

Louen's only argument for applying the doctrine of collateral estoppel to this case is that the state court injunctive proceeding is a final judgment on the merits.  At the time that Louen requested summary judgment on collateral estoppel grounds, Officer Twedt's request for an appeal was pending. However, Louen incorrectly argues that the June 21 order was issued on only two grounds: 1) that the state court appeal proceedings remain pending and (2) that proceedings under California Code of Civil Procedure § 527.6 are not entitled to preclusive effect because they are subject to modification at any time.  The June 21 order was issued based on Louen's failure to meet her burden of demonstrating each collateral estoppel element.

Louen first argues that the state court decision is final since Twedt's appeal was denied.  This, in no way establishes that the issues in both proceedings are identical, that the issues were actually litigated, and necessarily decided.[4]

Louen next argues that the state court proceedings are entitled to preclusive effect under 28 U.S.C. § 1738.[5]  Under 28

---

[4]   There is no dispute that Officer Twedt was the only defendant in the state court proceeding.

[5]   "The Acts of legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

**16**

1    U.S.C. § 1738, an injunction issued by one state court is

2    entitled to full faith and credit by another court.  However,

3    Louen does not seek a § 527.6 injunction against Defendants in

4    this civil rights action, nor does she seek to have this court

5    give the state preclusive effect.  Louen instead argues that the

6    state court's factual and legal findings to support the issuance

7    of the injunction against Officer Twedt, necessarily requires a

8    finding that Twedt violated 42 U.S.C. § 1983.  This argument is

9    legally incorrect.  The state court never made a finding that

10   Twedt was acting under color of state law in the course and scope

11   of his employment.

12       Also, Louen argues that this court should apply the

13   preclusive effect that state courts, not federal courts, would

14   give to the § 527.6 judgment.  The June 21 order was based on

15   Louen's failure to meet her burdens of collateral estoppel under

16   state law as delineated by *Jenkins*, 138 Cal. App. 4th at 617.

17   Louen fails to meet all the elements of the collateral estoppel

18   doctrine required by state law.

19       Finally, Louen argues that the § 527.6 injunction against

20   Officer Twedt is a final judgment on the merits because his

21   appeal was denied.  However, a preliminary injunction is a

22   provisional remedy, and the trial court "possesses the inherent

23   power to modify its preliminary injunction which is of a

24   _____

25       Such Acts, records and judicial proceedings or copies
     thereof, so authenticated, shall have the same full faith and
26   credit in every court within the United States and its
     Territories and Possessions as they have by law or usage in the
27   courts of such State, Territory or Possession from which they are
     taken."  28 U.S.C. § 1738 (2007).

28

continuing or executory nature." *Huntingdon Life Sciences, Inc.*
*v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th
1228, 1248-1249 (Cal. Ct. App. 2005); Cal. Code Civ. Proc., §
532; 6 Witkin, Cal. Procedure (4th ed. 1997).   "There is no
inflexible rule as to the effect of the granting or denial of a
preliminary injunction on subsequent litigation, unless it
appears that the court intended a final adjudication of the issue
involved, a decision on an application for a preliminary
injunction does not amount to a decision on the ultimate rights
in controversy."  *Id.*  The record reveals no such intention by
the court.  No evidence is provided that final judgment has been
entered in the state court, only a preliminary injunction.   Louen
does not establish that the preliminary injunction is a final
judgment finally deciding the ultimate rights in controversy
under the federal civil rights act.

### 6.  **MOTION FOR CERTIFICATION**

    In the alternative, Louen moves that the court certify its
ruling pursuant to 28 U.S.C. §1292(b).[6]  There are three factors

---

    [6]   28 U.S.C. provides:

    "When a district judge, in making in a civil action an
    order not otherwise appealable under this section,
    shall be of the opinion that such order involves a
    controlling question of law as to which there is
    substantial ground for difference of opinion and that
    an immediate appeal from the order may materially
    advance the ultimate termination of the litigation, he
    shall so state in writing in such order. The Court of
    Appeals which would have jurisdiction of an appeal of
    such action may thereupon, in its discretion, permit an
    appeal to be taken from such order, if application is
    made to it within ten days after the entry of the
    order: *Provided, however,* that application for an
    appeal hereunder shall not stay proceedings in the

that must be met under §1292(b) before the court can certify a
decision for immediate interlocutory appeal.  Louen must
demonstrate that (1) there is a controlling question of law, (2)
that there be substantial grounds for difference of opinion, and
(3) that an immediate appeal may materially advance the ultimate
termination of the litigation.  *In re Cement Antitrust
Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).

**A.    There is No Controlling Question of Law**

Louen has failed to establish that there is a controlling
question of law in this case.  For a question of law to be
"controlling" Louen must show that resolution of these issues on
appeal could materially affect the outcome of litigation.  *Id.*
at 1026.  Louen instead argues that a denial of both
reconsideration and certification "would present a realistic
prospect of multiple month long trials in a non-catastrophic
damages case."  (Doc. 223, Motion for Reconsideration.)  She
further argues that it is in the interest of justice "to correct
and resolve these disputed legal issues before proceeding to
trial."  (*Id.*)

Even, arguendo, if all the state injunction findings were
given preclusive effect, none of them address or decide the
essential elements of the civil rights claims advanced in this
case.  The resolution of these issues could not alter the outcome
of this litigation as they do not constitute findings on required
elements to be decided in this case.

district court unless the district judge or the Court
of Appeals or a judge thereof shall so order.

**19**

**B.    There is No Substantial Grounds for Difference of Opinion.**

Louen has not articulated what rule of law she believes was wrongly applied and how other courts have substantially differed in that application.  Plaintiff erroneously relies on *Ritchie v. Conrad,* 115 Cal. App. 4th 1275 (Cal. Ct. App. 2004) in support of her argument that "restraining order proceedings in California are generally accorded the same preclusive effect as any other civil judgments." The issue in *Ritchie* was whether a restrained party could relitigate the underlying facts of a restraining order, in the family law/domestic violence context, when the protected party applies for an extension of the restraining order.  As defendant's supplemental brief correctly asserts, *Ritchie*, does not address finality and the preclusive effect of a preliminary injunction.

In *Ritchie*, "the court was looking at the exact same situation, the same order, the same case, the same courtroom, nothing was new."  Here, the primary rights involved are completely different.  In the restraining order context, the primary right is to be free from harassing behavior, the primary rights in this case are civil rights protected by the federal and state constitution.  In this case, plaintiff does not attempt to renew the restraining order, but rather seeks damages for violation of her civil rights.  A different legal standard applies in these two distinctly different situations.

Louen cannot succeed on her reconsideration or underlying issue preclusion claims.

//

**20**

**C.    Immediate Appeal Would Not Materially Advance the Ultimate Termination of the Litigation**

Louen has not shown how an appeal of the denial of her motion for summary judgment would advance ultimate termination of this litigation.  To allow an appeal could result in another continuance of the trial date, after the case has been previously continued to accommodate the issue raised by Plaintiff's counsel. Trial in this matter is set for September 5, 2007.  All discovery was closed on October 20, 2006 pursuant to a Stipulation and Order to Extend Dates filed on September 20, 2006. (Doc. 151.) This action was filed on November 15, 2004 and must go to trial without further delay.

**7.    CONCLUSION**

For the reason's stated above:

Louen's motion for reconsideration is **DENIED.**

Louen's motion for certification for interlocutory appeal is also **DENIED.**

IT IS SO ORDERED.

**Dated:    August 6, 2007            /s/ Oliver W. Wanger**
                                    UNITED STATES DISTRICT JUDGE