James D. Weakley, Esq.  Bar No. 082853
Erica M. Camarena, Esq.  Bar No. 227981

THE LAW FIRM OF
WEAKLEY, RATLIFF,
ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California 93710

Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendant, CITY OF FRESNO

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY LOUEN, | ) CASE NO. CIV-F-04-6556 OWW SMS )
| Plaintiff | ) |
| | ) **STIPULATED PROTECTIVE ORDER RE:** |
| vs. | ) **PSYCHOLOGICAL TESTING MATERIALS** |
| | ) **UTILIZED BY HAROLD SEYMOUR, PhD** |
| FRESNO POLICE OFFICER BRIAN TWEDT; THE CITY OF FRESNO, | ) ) ) |
| Defendants. | ) |
| _____ | ) |

WHEREAS, defendants the City of Fresno (hereinafter "the City") and Brian Twedt believe, in good faith, that the following documents requested by Plaintiff Holly Louen, contain information that is: (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence:

All confidential psychological testing materials utilized by Harold Seymour, PhD during his independent mental examination of plaintiff conducted on August 23, 2006; and which he used in formulating his opinions, are "Confidential" and include:

    A.    Copies of the tests administered to plaintiff;

    B.    Copies of test protocols regarding the tests administered to plaintiff;

    C.    Copies of plaintiff's responses to all tests administered;

---

1    D. Copies of all computer scoring data regarding the tests administered to plaintiff; and

2    E. Copies of all manual scoring data regarding the tests administered to plaintiff within

3     Dr. Seymour's care, custody, and control.

4   The release of the requested documents pursuant to this Protective Order does not waive the

5 confidentiality privilege protecting these documents from general disclosure.

6   Based on the foregoing, IT IS HEREBY ORDERED:

7   1. The subject documents are to be designated as "Confidential Material."

8   2. The "Confidential Material" shall be used solely in connection with this civil

9 litigation, Holly Louen v. City of Fresno, et al., Case No. CIV-F-04-6556 OWW SMS, and in the

10 preparation and trial of this case or any related proceeding, and not for any other purpose or in any

11 other proceeding. The City and Brian Twedt are not waiving any objections to the admissibility of

12 the documents or portions of the documents in future proceedings, including the trial of this matter.

13   3. A party producing the documents and materials described above may designate

14 those materials by affixing a red mark labeling them as "Confidential Material Subject to Protective

15 Order." If any "Confidential..." materials cannot be labeled with the aforementioned marking, those

16 materials shall be placed in a sealed envelope or another container that is in turn marked

17 "Confidential Material Subject to Protective Order" in a manner agreed upon by the disclosing and

18 requesting parties.

19   4. Documents or materials designated under this Protective Order as "Confidential"

20 may only be disclosed to the following persons:

21    a) Counsel for plaintiff, Kevin G. Little;

22    b) Counsel for Defendants, James D. Weakley and Gregory L. Myers (both of whom

23 have jointly designated Harold Seymour, Ph.D as their designated retained expert;

24    c) Court personnel including stenographic reporters engaged in proceedings as are

25 necessarily incidental to preparation for the trial of this action;

26    d) The finder of fact at the time of trial subject to the court's rulings on in limine

27 motions and objections of counsel.

28   5. Provisions of this Protective Order, insofar as they restrict disclosure and use of

---

Stipulated Protective Order Re: Psychological Testing Materials

the material, shall be in effect until further order of this Court.

6. All documents or materials designated as "Confidential" pursuant to this Protective Order, and all papers or documents containing information or materials designated as "Confidential," that are filed with the Court or maintained by any stenographer, for any purpose shall be filed, served, and/or placed under seal, with the following statement affixed to the document or other information:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

7. The designation of information as "Confidential," and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

8. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to so applying, the party seeking to reclassify "Confidential" information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

9. **Copies of Confidential Documents**

Copies of confidential documents will be handled in the following manner:

a) Plaintiff's counsel shall receive only one copy of the "Confidential" documents.

b) Plaintiff's counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in these confidential documents to anyone, including any information respecting Dr. Seymour's observations of plaintiff. The only exception is that

plaintiff's counsel may show and discuss the information contained therein with his client Holly

Louen only.

c) If for a justifiable reason, plaintiff's counsel in good faith reasonably believes he needs an additional copy or copies for preparation of his client's case, including any copies for court filings, he shall make a written request to counsel for the City of the specific number of copies of documents marked "Confidential" he seeks for production. Upon agreement with counsel for the City, copies will be produced in a timely manner to plaintiff's counsel, pursuant to the procedures of this Protective Order.

d) Plaintiff shall be billed for the copying of the Confidential documents at the City's cost.

e) The City shall produce Confidential information to plaintiff's counsel with a red markings labeled, "Confidential Material Subject to Protective Order" and "Kevin G. Little, Esq."

f) If any document or information designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The Court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with paragraph 6 of this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

10. Notwithstanding the provisions of paragraph 4, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization.

11. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly: (a) inform attorneys for the City of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best

1  efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its
2  confidential status because it was disclosed to a person not authorized to receive it under this
3  Protective Order.

4  12.  After the conclusion of this litigation, all documents, in whatever form stored or
5  reproduced, containing "Confidential" information will remain Confidential, and if filed with the
6  Court, shall remain under seal. The conclusion of this litigation means a termination of the case
7  following applicable post-trial motions, appeal and/or retrial. After the conclusion of this litigation,
8  all confidential documents received under the provisions of this Protective Order, including all
9  copies made, shall be tendered back to the attorneys for the City in a manner in which the City will
10  be able to reasonably identify that all documents were returned.

11  13.  This Protective Order shall remain in full force and effect and shall continue to
12  be binding on all parties and affected persons after this litigation terminates, subject to any
13  subsequent modifications of this Protective Order for good cause shown by this Court or any Court
14  having jurisdiction over an appeal of this action. After this action terminates, any party may seek
15  to modify or dissolve this Protective Order by Court order for good cause shown or by
16  the parties' stipulation.

17  14.  This Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make
18  such amendments, modifications and additions to this Protective Order as it may from time to time
19  deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use
20  or disclosure of confidential material.

21  15.  Any person violating this Order shall be held in contempt and subject to sanctions.

23  DATED: August 13, 2007         WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP

25                                  By:  /s/
                                    Erica M. Camarena,
26                                  Attorneys for Defendant the City of Fresno

---

Stipulated Protective Order Re: Psychological Testing Materials

| | | |
|---|---|---|
| DATED: August 13, 2007 | MYERS & MAYFIELD | |
| | By: | /s/ |
| | | Gregory L. Myers, |
| | | Attorneys for Defendant, Brian Twedt |
| | | |
| DATED: August 13, 2007 | LAW OFFICE OF KEVIN G. LITTLE | |
| | By: | |
| | | Kevin G. Little, |
| | | Attorney for Plaintiff, Holly Louen |

IT IS SO ORDERED.

**Dated:   August 15, 2007**          **/s/ Oliver W. Wanger**
                                UNITED STATES DISTRICT JUDGE

---

Stipulated Protective Order Re: Psychological Testing Materials

6