James D. Weakley, Esq.   Bar No. 082853
Erica M. Camarena, Esq.   Bar No. 227981

THE LAW FIRM OF
WEAKLEY, RATLIFF,
ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California 93710

Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendant, CITY OF FRESNO



FILED
SEP 5 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
       DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY LOUEN,<br><br>　　　　Plaintiff<br><br>　　vs.<br><br>FRESNO POLICE OFFICER BRIAN TWEDT; THE CITY OF FRESNO, CALIFORNIA,<br><br>　　　　Defendants. | CASE NO. CIV-F-04-6556 OWW SMS<br><br>**ORDER GRANTING DEFENDANT CITY OF FRESNO'S MOTIONS IN LIMINE**<br><br>Trial Date: September 5, 2007 |

　　　The Court having review the motions in limine filed by the parties, heard oral arguments of same on August 24, 2007. The plaintiff was represented by her attorney, Kevin G. Little. Defendant Brian Twedt was represented by his attorney Gregory L. Myers; and defendant City of Fresno was represented by its attorneys, James D. Weakley and Erica M. Camarena.

　　　Having heard the arguments the Court hereby issues the following rulings on Defendant City of Fresno's motions in limine:

**1.　Motion in Limine To Preclude The Use of Evidence or Witnesses Not Previously Disclosed to Defendants During Discovery.**

　　　Defendant's Motion in Limine No. 1 to preclude the testimony of any witnesses who were not disclosed during discovery or provided as supplemental discovery in a timely fashion is GRANTED.

2. **Motion in Limine To Preclude Any Evidence Regarding Personnel Records and Internal Affairs Files of Brian Twedt**

Defendant's Motion in Limine No. 2 to preclude evidence of Brian Twedt's personnel records and IA files is reserved, as plaintiff has not yet decided whether she will pursue her federal <u>Monell</u> claims against the City of Fresno. Plaintiff is ordered to specify which customs, policies and/or practices of the Fresno Police Department are unconstitutional by DATE: 9-4-07. After which time, defendant may reinstate this motion in limine.

3. **Motion in Limine to Preclude Plaintiff's Experts From Rendering Opinions Regarding Factual Determinations, Credibility of Witnesses, Legal Conclusions and Past Experiences or Claims of Success.**

Defendant's Motion in Limine No. 3 is GRANTED.

4. **Motion in Limine To Preclude Opinions of Plaintiff's Experts Ronald Weber and Joseph Barnes in Areas in Which They Lack Expertise.**

Defendant's Motion in Limine No. 4 is GRANTED.

5. **Motion in Limine to Preclude Plaintiff's Counsel From Making Improper Comments To The Jury Regarding Damages Including Any Inquiry, Comment or Argument That Suggests That Jurors Should Base Plaintiff's Damages On An Amount That The Jurors Would Charge To Endure Similar Injuries.**

Defendant's Motion in Limine No. 5 is GRANTED.

6. **Motion in Limine to Preclude Evidence, Reference to Evidence, Testimony, or Argument Relating to Defendant CITY OF FRESNO's Liability Insurance Should be Precluded.**

Defendant's Motion in Limine No. 6 is GRANTED.

7. **Motion in Limine to Preclude Plaintiff From Soliciting Evidence Regarding Defendant Brian Twedt's Indemnification by His Employing Entity.**

Defendant's Motion in Limine No. 7 is GRANTED.

///
///

**8. Motion in Limine to Preclude Plaintiff From Introducing Opinion Evidence From Non-Expert Witnesses.**

Defendant's Motion in Limine No. 8 is GRANTED.

**9. Motion in Limine to Exclude Inadmissible Character Evidence.**

Defendant's Motion in Limine No. 9, to exclude evidence of a person's character or a trait of his character for the purpose of proving that s/he acted in conformity therewith on a particular occasion is GRANTED.

**10. Motion in Limine to Preclude Plaintiff From Offering Evidence, Reference to Evidence, Testimony, or Argument Relating to Harold Seymour PhD's Testing Materials.**

Defendant's Motion in Limine No. 10 will be reserved until such time that plaintiff decides which documents, if any, she feels need to be disclosed to the jury. At which point, a limiting instruction controlling its use and admonition that such information be used solely in connection with this case, will be given.

**11. Motion in Limine to Bifurcate <u>Monell</u> Issues.**

Defendant's Motion in Limine No. 11 will be reserved until such time that plaintiff identifies her <u>Monell</u> issues. Assuming plaintiff pursues her <u>Monell</u> claims against the City of Fresno, this motion in limine to bifurcate the <u>Monell</u> issues will be GRANTED.

DATED: August 29, 2007

WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP

By: /s/ Erica M. Camarena
Erica M. Camarena
Attorney for Defendant
CITY OF FRESNO

IT IS SO ORDERED.

DATED: August 31, 2007.

_____
Honorable Oliver W. Wanger
United States District Court Judge